Rup, Mary-Lou, J.
The plaintiff, F.W. Madigan Company, Inc. (Madigan), filed an action against 89-93 Main Street, LLC, William A. Roberts, and Andrew Dallin. The defendants 89-93 Main Street, LLC and William A. Roberts (the defendants), answered and filed counterclaims alleging fraud in the inducement (Count I), negligence (Count II), a violation of G.L.c. 93A (Count III), and abuse of process (Count IV).
Madigan now moves, pursuant to Mass.R.Civ.P. 12(b)(6), and G.L.c. 231, §59H, to dismiss the defendants’ counterclaims.
For the reasons discussed below, Madigan’s motion to dismiss will be ALLOWED in part and DENIED in part.
BACKGROUND
The defendants allege that, in or around late 2004 or early 2005, the parties entered into a verbal contract for the provision of labor and services at a condominium located at 89-93 Main Street, Northampton (the Project). According to the defendants’ pleadings, at the time of the contract, Madigan misrepresented its skill, abilities, and competence with respect to the performance of work required at the Project. Further, Madigan’s misrepresentations induced the defendants to secure financing for the work to be performed at the Project and to execute legally binding documentation with a lender. The defendants allege that Madigan negligently performed under the verbal contract, and as a result, they faced potential default on the financing loan. Additionally, the defendants allege that Madigan wrongfully refused to complete work on the Project in accordance with the verbal *646 contract and demanded monies in excess of the verbal contract price.
On its part, Madigan alleges that a written contract, dated September 12, 2005, was signed by the parties and that the written contract represents the entire, integrated agreement between the parties with respect to the Project. It argues that it completed all obligations under the written contract and that the defendants have failed to pay the balance due to it under the written agreement. Additionally, Madigan argues that the defendants executed and delivered a promissory note to it for the balance owed under the agreement and that the note fell into default. Thereafter, Madigan filed a notice of contract in the Hampshire County Registry of Deeds pursuant to the provisions of G.L.c. 254 (the Mechanic’s Lien Statute).
DISCUSSION
A motion to dismiss should be granted when a party fails to state a claim upon which relief may be granted. Mass.R.Civ.P. 12(b)(6). When evaluating the sufficiency of a complaint under rule 12(b)(6), the court accepts all allegations in the complaint as true and draws all rational inferences in favor of the non-moving party. Ginther v. Commissioner of Ins., 427 Mass. 319, 322 (1998); Cacciola v. Nellhaus, 49 Mass.App.Ct. 746, 749-50 (2000). A motion to dismiss should be granted “only if it appears beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief.” General Motors Acceptance Corp. v. Abington Cas. Ins. Co., 413 Mass. 583, 584 (1992) (citations and internal quotation marks omitted).
On Counts I, II and Ill, Madigan has not met its burden. The complaint alleges facts sufficient for fraud, negligence, and violation of M.G.L.c. 93A as to withstand dismissal under Mass.R.Civ.P. 12(b)(6).
However, Madigan’s motion will be granted as to Count IV, pursuant to G.L.c. 231, §59H (the Anti-SLAPP statute). The Anti-SLAPP statute was enacted to protect petitioning activities. See G.L.c. 231, §59H. Petitioning activities can include filing claims submitted to a judicial body, SMS Fin. V, LLC v. Conti, 68 Mass.App.Ct. 738, 746 (2007), as well as claims “brought before governmental agencies.” Kobrin v. Gastfriend, 443 Mass. 327, 331 (2005). “The right of petition contemplated by the Legislature is [ ] one in which a party seeks some redress from the government.” Id. at 333. In moving to dismiss a claim under the Anti-SLAPP statute, the moving party “must show that the claims against it are based on its petitioning activities alone, and have no substantial basis other than or in addition to the petitioning activities.” SMS, 68 Mass.App.Ct. at 746 (internal quotation marks omitted). “Once the moving party establishes that the claims arise out of its petitioning activities, the burden shifts to the adverse party to show that the activity-complained of was devoid of any reasonable factual support or any arguable basis in law.” Id. (internal quotation marks omitted).
The abuse of process appears to rely on Madigan’s mechanic’s lien. However, the filing of a mechanic’s lien with the registiy of deeds is permitted, by statute, as a way for an aggrieved party to seek redress, see G.L.c. 254, and is “petitioning activity” protected by the Anti-SLAPP statute. Cf. SMS, 68 Mass.App.Ct. at 746 (employing legal mechanisms to obtain trustee process attachment is petitioning activity under the Anti-SLAPP statute).
As the imposition of a mechanic’s lien is a petitioning activity protected under the Anti-SLAPP statute, the burden shifts to the defendants to show that the complained-of activity was devoid of any reasonable factual support or arguable basis in law. The defendants argue that Madigan recorded the lien with malice for the sole purpose of forcing the defendants to pay money to avoid the cost and expense of litigation, and that no facts existed which supported recording a lien. However, there is some evidence that Madigan recorded the lien because the defendants defaulted on a note. Thus, the defendants have not met their burden, and the recording of the lien is protected under the Anti-SLAPP statute.
ORDER
For the reasons stated above, it is hereby ORDERED that the plaintiffs motion to dismiss is ALLOWED as to Count IV and is DENIED as to Count I, Count II, and Count III.