JON ROSENFELD & others[1] vs. ZONING BOARD OF APPEALS OF
MENDON & others.[2]

No. 10-P-341.

Worcester. November 8, 2010. - January 28, 2011.

Present: BERRY, SMITH, & GREEN, JJ.

*Zoning,* Agriculture. *Real Property,* Agricultural or horticultural use, Deed,
Restrictions.

A Superior Court judge properly affirmed a special permit issued by the
defendant zoning board of appeals (board) in favor of a developer, where
there was undisputed evidence illustrating that the proposed use (a facility
for the raising, training, and boarding of horses) was entitled to protection
as an agricultural use under G. L. c. 40A, § 3, and where there was no
evidence calling into question the reasonableness of the conditions imposed
by the board in its decision granting the special permit. [679-681]
This court concluded that the owner of land that adjoins restricted land is
entitled, under G. L. c. 184, § 27(a)(2), to enforce a deed restriction,
whether or not the instrument imposing the restriction contains an express
statement that the adjoining land is intended to benefit from the restriction.
[681-683]

CIVIL ACTION commenced in the Superior Court Department on
November 18, 2008.

The case was heard by *Mitchell H. Kaplan,* J., on a motion
for summary judgment.

*Marc Rosenfeld* for the plaintiffs.

*Scott A. Ambler* for Michael J. Salvador & another.

GREEN, J. On appeal from a summary judgment of the Superior
Court, the plaintiffs claim error in the affirmance of a special
permit issued by the defendant zoning board of appeals of Men-
don (board) in favor of the defendant Gray Wolf Development
Corporation (Gray Wolf), and in the conclusion that the plaintiffs

---

[1]Patricia Rosenfeld, and Ellen Rosenfeld, as trustee of the Ellen Realty Trust.

[2]Gray Wolf Development Corporation, Michael J. Salvador, and William R.
Therrien.

are without standing, under G. L. c. 184, § 27, to enforce a deed restriction imposed on Gray Wolf's land.[3] We conclude that the motion judge correctly affirmed the special permit, but that the plaintiffs are entitled to seek enforcement of the deed restriction.

*Background.* Gray Wolf owns a parcel of approximately forty-six acres of land in Mendon, known as and numbered 161 Millville Road. The property is located in a district zoned for single-family residential use under the Mendon zoning by-law. The property lacks the frontage required under the by-law to permit construction of a residence. However, in 1998, before Gray Wolf acquired the property, a predecessor in interest obtained a variance permitting construction of a single-family residence on the property. The variance was conditioned on the imposition of a deed restriction, limiting the use of the property to a single-family dwelling. The rights authorized under the 1998 variance were never exercised, and pursuant to G. L. c. 40A, § 10, the variance lapsed. The prior owner obtained a second variance in December, 1999. The property was thereafter conveyed under a deed dated June 16, 2000, duly recorded with the registry of deeds, and containing the following provision:

> "The aforesaid premises are conveyed subject to the restrictions to run with the land that: (1) only one dwelling may be constructed on the subject premises herein conveyed and (2) the thirty (30) feet portion of frontage of the subject premises can never be combined with additional frontage for creation of a road or driveway to access rear portions of the subject premises."

No construction occurred within the ensuing year, though the then owner obtained an order of conditions from the Mendon conservation commission and performed certain work pursuant thereto.[4]

---

[3]The plaintiffs also direct one paragraph of their brief to their claim that the motion judge incorrectly dismissed their claims for breach of contract and misrepresentation. We affirm the judgment on both counts; as the motion judge correctly observed, the parties' agreement contains no representation of the sort claimed by the plaintiffs, and no agreement by Gray Wolf to limit its use of the property to a single-family residence.

[4]In an earlier proceeding, a judge of the Land Court concluded that the

On October 4, 2005, Gray Wolf filed with the board an application for a special permit to construct a primary dwelling containing two housekeeping units, and "structure(s)" for horse stables, an indoor training arena, machinery storage, and a trainer's residence, along with related parking areas, fenced pasture and training areas, a fire pond, and riding trails. After the board denied the requested permit, Gray Wolf appealed to the Land Court. A judge of that court allowed Gray Wolf's motion for summary judgment, on the ground that the board's decision was flawed by reason of its reliance on the provisions of variances that had lapsed. See note 4, *supra*. However, the judge remanded the matter to the board for consideration of whether the proposed use was allowed as an agricultural use under G. L. c. 40A, § 3. On remand, the board concluded that the proposed use is entitled to the protections of § 3, and granted the requested special permit, subject to certain conditions. The plaintiffs, who own parcels of land adjacent to Gray Wolf's property, appealed from the board's decision to the Superior Court, where a judge allowed the motion of the defendants Gray Wolf and Salvador for summary judgment. This appeal followed.

*Discussion.* Before the Superior Court and on appeal, the plaintiffs principally contend that the board erred in accepting the conclusion of the Land Court judge that the prior variances had lapsed. Because the variances remain in effect, the plaintiffs contend, the conditions imposed by the variances likewise remain in effect and operate to preclude the proposed use. The argument rests on a fundamental misconception. The variances furnished relief from otherwise applicable requirements of the zoning by-law, and the conditions imposed by the variances operate as preconditions to the enjoyment of that relief. However, they do not operate independently to limit the permissible use of the property. The board's conclusion that the proposed use is protected by G. L. c. 40A, § 3, stands as a wholly independent basis authorizing the proposed use, rendering the variances, and the conditions thereto, entirely irrelevant. We accordingly need not, and do not, consider whether the Land Court judge was correct in his conclusion that the variances had lapsed.

second variance had lapsed. As we shall discuss, the plaintiffs contend that the Land Court judge was incorrect in that conclusion, but the present case does not require us to consider the question.

Our conclusion that the variances, and the conditions thereto, pose no obstacle to the proposed use does not end the inquiry; as the Superior Court judge recognized, it remains to be determined whether the board properly concluded that the proposed use is entitled to the protections of G. L. c. 40A, § 3, and whether it abused its discretion in granting the requested special permit. Under G. L. c. 40A, § 3, as in effect at the time of Gray Wolf's application:[5]

> "No zoning ordinance or by-law shall . . . prohibit, unreasonably regulate or require a special permit for the use of land for the primary purpose of agriculture . . . nor prohibit, or unreasonably regulate, or require a special permit for the use, expansion, or reconstruction of existing structures thereon for the primary purpose of agriculture . . . except that all such activities may be limited to parcels of more than five acres in area not zoned for agriculture, horticulture, floriculture, or viticulture."

It is settled that the operation of a facility "for raising, training, and boarding of horses; for giving riding lessons; and for the riding use of owners of the boarded horses" fits within the agricultural use exception established under § 3. *Bateman* v. *Board of Appeals of Georgetown*, 56 Mass. App. Ct. 236, 243 (2002), quoting from *Steege* v. *Board of Appeals of Stow*, 26 Mass. App. Ct. 970, 972 (1988). The board accordingly was correct in its conclusion that the proposed use is entitled under § 3 to protection as an agricultural use. Moreover, though the plaintiffs assert that the board abused its discretion by failing to impose more onerous conditions on the proposed use, they have failed entirely to support their assertion with any evidence.[6] See, e.g., *Kirkwood* v. *Board of Appeals of Rockport*, 17 Mass. App. Ct. 423, 426-427 (1984) (on appeal of municipal board's

---

[5]General Laws c. 40A, § 3, as amended through St. 1994, c. 276.

[6]In response to an invitation by the motion judge at the hearing on the motion for summary judgment, the plaintiffs submitted a supplemental memorandum, in which they asserted that Gray Wolf's proposed use would cause problems of traffic safety, create undesirable noise, and cause degradation of air and water quality. However, the plaintiffs submitted no evidence to substantiate such assertions, instead citing merely the absence of any studies or evidence before the board to negate such concerns.

zoning decision under G. L. c. 40A, § 17, "the judge is required to hear the matter de novo and to determine the legal validity of the board's decision . . . *upon the facts found by the judge.* . . . [T]he judge is not restricted to the evidence which was introduced before the board, . . . and the board's decision carries no evidentiary weight . . ." [citations omitted]). See also *Cumberland Farms of Conn., Inc.* v. *Zoning Bd. of Appeal of N. Attleborough,* 359 Mass. 68, 75 (1971). In order to defeat Gray Wolf's motion for summary judgment, the plaintiffs were required to submit evidence sufficient to create a triable issue of fact. See, e.g., *Farley* v. *Sprague,* 374 Mass. 419, 424-425 (1978). They cannot rely simply on unsubstantiated assertions in their memorandum of law.[7] See *James* v. *Wampanoag Tribal Council of Gay Head, Inc.,* 23 Mass. App. Ct. 122, 128 n.7 (1986). Based on the undisputed evidence illustrating that the proposed use was entitled to protection as an agricultural use under G. L. c. 40A, § 3, and in the absence of any evidence calling into question the reasonableness of the conditions imposed by the board in its decision granting the special permit, the motion judge correctly affirmed the decision of the board.[8]

The plaintiffs separately challenge the conclusion of the motion judge that they are without standing to enforce the deed restriction imposed on the Gray Wolf property. Our consideration of that conclusion requires us to address a question of statutory interpretation recognized but left unresolved by the Supreme Judicial Court in *Brear* v. *Fagan,* 447 Mass. 68, 73 n.5 (2006):

> "Due to the lack of punctuation, the statute is arguably ambiguous with respect to the requirements for land that adjoins the restricted land. Read one way, § 27(*a*)(2) exempts adjoining land from the requirement that it be

---

[7]In response to a question at oral argument, the plaintiffs acknowledged that they did not request a continuance pursuant to Mass.R.Civ.P. 56(f), 365 Mass. 825 (1974), to develop additional evidence to support their position.

[8]In their complaint, the plaintiffs asserted that the board was without authority to grant a special permit for the proposed use as an agricultural use under G. L. c. 40A, § 3. However, as the Land Court judge correctly observed, Gray Wolf's proposed use did not simply rely on the use of existing structures but called for the erection of new structures. Accordingly, the board's use of the special permit procedure was appropriate. See *Prime* v. *Zoning Bd. of Appeals of Norwell,* 42 Mass. App. Ct. 796, 802 (1997).

'described in the instrument' but still requires that an intent to benefit the adjoining land be stated 'therein.' Read another way, the requirement that the intent to benefit be stated 'therein' refers only to nonadjoining property that must be 'described in the instrument,' because 'therein' refers to 'in the instrument,' which itself pertains only to nonadjoining property."[9]

We conclude that G. L. c. 184, § 27(a)(2),[10] should be interpreted in accordance with the latter of the two alternatives identified in *Brear*: that an owner of land that adjoins the restricted land is entitled to enforce a deed restriction, whether or not the instrument imposing the restriction contains an express statement that the adjoining land is intended to benefit from the restriction.

As an initial matter, we observe that the grammatical structure of the provision is more compatible with an interpretation in which "stated therein to be benefited" refers only to land "described in the instrument imposing the restriction." As Justice Sosman observed in *Brear, supra,* " 'therein' refers to 'in the instrument,' which itself pertains only to nonadjoining property."

We also observe that the statutory reference to adjoining property looks to property that is adjoining "at the time enforcement is sought." That language recognizes that the configuration or boundaries of an adjoining parcel might vary between the time a restriction is imposed and the time enforcement is sought, and reflects a legislative choice to afford an enforcement right only to an owner of the particular parcel of land that is adjoining at the time enforcement is sought, rather than at the time of the instrument creating the restriction. Of pertinence to

---

[9]The property owned by the plaintiff in *Brear* did not adjoin the restricted property.

[10]General Laws c. 184, § 27, as amended by St. 1969, c. 666, § 4, reads in pertinent part as follows:

"No restriction imposed after December thirty-first, nineteen hundred and sixty-one shall be enforceable:

"(a) unless the person seeking enforcement (1) is a party to the instrument imposing the restriction and it is stated to be for his benefit or is entitled to such benefit as a successor to such party, or (2) is an owner of an interest in benefited land which either adjoins the subject parcel at the time enforcement is sought or is described in the instrument imposing the restriction and is stated therein to be benefited . . . ."

the question at hand, since the statutory language looks to the future to determine the predicate adjoining status of property eligible to confer a right of enforcement, it cannot require description of the adjoining parcel in the instrument creating the restriction.

Moreover, in order for an instrument imposing a restriction to include a statement that it is intended to benefit a particular parcel of land, it would be necessary for the instrument to include a description of the benefited parcel. Accordingly, an interpretation that requires an adjoining parcel to be the subject of a statement of intended benefit would render superfluous the language in the statute referring to an adjoining parcel separately from land that is described in the instrument imposing the restriction. See *Commonwealth* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.*, 352 Mass. 617, 618 (1967) (statute should be interpreted so that none of its words is rendered superfluous).

Finally, we observe that the legislative history of the statute reflects that the introduction of a requirement for a statement of intended benefit in the instrument imposing a restriction occurred with reference to nonadjoining properties and to parties to the instrument imposing the restriction, and offers no suggestion that it was intended to impose such a requirement on adjoining properties (which were specified to have enforcement rights from the earliest versions of the proposed statute). See *Brear,* 447 Mass. at 74-75. Furthermore, while the overarching purpose of the statute was to modify the common law in order to provide greater clarity and certainty on the question of who is entitled to seek enforcement of restrictions on the use of land, our interpretation of the statute — conferring enforcement rights on owners of adjoining parcels at the time enforcement is sought — does not derogate from that purpose, since the identification of parcels adjoining any parcel of restricted land at any time of attempted enforcement is susceptible of certain determination.

*Conclusion.* The judgment of the Superior Court is affirmed insofar as it affirmed the decision of the board and dismissed the plaintiffs' claims of breach of contract and misrepresentation. The judgment is reversed insofar as it concluded that the plaintiffs are without standing to enforce the restrictions imposed in the

deed of June 16, 2000. The matter is remanded to the Superior Court for further proceedings on the effect of the deed restrictions on Gray Wolf's proposed use.

*So ordered.*