CHRISTINE RAWAN & others,[1] trustees,[2] *vs.* LISA D. MASSAD
& another.[3]

No. 11-P-87.

Worcester. October 4, 2011. - November 18, 2011.

Present: GRASSO, BROWN, & KANTROWITZ, JJ.

*Practice, Civil,* Summary judgment. *Real Property,* Deed, Restrictions. *Deed,*
Construction. *Trust,* Trustee's authority. *Way.*

A Superior Court judge properly granted summary judgment in favor of the
   plaintiff trustees of a homeowners association on the ground that the defend-
   ant lot owners' use of a baseball field on their property for organized league
   games violated a restriction of the master declaration that all lots in the
   subdivision be used for single-family residential purposes only, where the
   defendants' submission of an affidavit, together with exhibits, in support of
   their motion to dismiss invited conversion of the motion to one for summary
   judgment [827-829]; and where, regardless whether such a use was allow-
   able by special permit under the town zoning by-law, the hosting of organized
   league baseball games violated the single-family use restriction [829-831].
The trustees of a homeowners association acted within their authority in
   adopting a rule and regulation regarding vehicle use of a common driveway,
   in that the trustees exercised a power specifically granted to them in the
   trust [831]; further, the regulation did not deprive the defendant lot owners
   of their right to use their property as a single-family residence and imposed
   no limit on the number of individuals that the defendants could invite to
   their residence for a social function [831-832].

CIVIL ACTION commenced in the Superior Court Department on
May 28, 2010.

A motion to dismiss was heard by *John S. McCann,* J.

*Matthew A. Pingeton* for the defendants.

*Theodore J. Folkman* for the plaintiffs.

GRASSO, J. The defendants, Lisa D. and David G. Massad,

[1]Kathleen Ostberg and Sanjay Matthew.
[2]Of Grey Ledge Association.
[3]David G. Massad, Second.

appeal from a judgment in favor of the plaintiff trustees of Grey Ledge Association (association). After denying the Massads' motions to dismiss,[4] a Superior Court judge determined, sua sponte, that the Massads' submissions established that no material fact was in dispute and that the association was entitled to judgment as matter of law on its complaint for declaratory and injunctive relief. The judge reasoned that the Massads' use of a regulation-sized baseball field on their property for public league baseball games violated the provisions of the master declaration of easements, restrictions, agreements, and liens (master declaration) that governs the eight-lot development of which the Massads' property is a part. The judge also concluded that rules and regulations adopted by the trustees limiting vehicular traffic on the common driveway were within the trustees' authority to promulgate and not unlawful.

On appeal, the Massads argue that (1) granting summary judgment sua sponte denied them notice or an opportunity to be heard; (2) the judge erred in concluding that the master declaration prohibited them from engaging in a noncommercial open-air recreational use of their property; and (3) regulations adopted by the trustees limiting use of the common driveway were promulgated improperly and unlawfully deprive them of the right to use their property. We discern no error and affirm.

1. *Conversion to summary judgment.* Rule 12(b) of the Massachusetts Rules of Civil Procedure provides that a motion to dismiss pursuant to rule 12(b)(6) is to be treated as a motion for summary judgment if an affidavit is presented to the court and not excluded. Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974).[5] In support of their motions to dismiss, the Massads submitted an affidavit sworn by David G. Massad (David), together with nineteen exhibits including the master declaration, the declaration

---

[4] The defendants make no argument that the judge erred in denying their special motion to dismiss pursuant to G. L. c. 231, § 59H (the "anti-SLAPP" statute), or their motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(1) and (6), 365 Mass. 754 (1974).

[5] "If, on any motion asserting the defense numbered (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Ibid.*

of trust (trust) establishing the association, the disputed rules and regulations adopted by the association trustees, and the Shrewsbury (town) zoning by-law. By submitting these matters outside the pleadings together with their motions, the Massads invited the judge to treat their motion to dismiss as one for summary judgment.

The submissions established that there was no material factual dispute that the baseball field on the Massads' property was being used for organized league baseball games. As detailed in David's affidavit, he landscaped a full-sized baseball field on his property because there was only one baseball field in the town and everyone shared that field, limiting playing time for his son and other children. Thereafter, he permitted his son, his son's teammates, and other children in his son's baseball league to play on the property. He was asked frequently by coaches and children to use the field for practices and games, and he never charged them to do so. The baseball teams that used his property listed game times on a Web site and in the community bulletin board in the local newspaper. At various times, at least two formal baseball leagues, the American Legion Baseball and the Worcester Heat AAU Baseball, advertised the use of the Massads' field for their games. Traffic to and from the field became such that the Massads installed a private driveway to the baseball field to reduce the number of people parking and walking along the street and the common driveway to access the field.

The Massads' claim that they were denied a "reasonable opportunity" to present materials pertinent to the judge's disposition of the matter by summary judgment rings hollow. A party presenting matters outside the pleadings on a motion to dismiss is on notice that the presentation of such items may invite the judge to convert the matter to summary judgment. See *Santiago* v. *Canon USA, Inc.*, 138 F.3d 1, 4 n.5 (1st Cir. 1998) (although entitled to reasonable notice of impending conversion to summary judgment, as well as opportunity to present all material made pertinent to that motion by rule 56, parties may invite conversion by their submissions and sworn statements). Indeed, we are hard pressed to see how the Massads may now controvert any of the material statements regarding the purpose and use of the baseball field. See *O'Brien* v. *Analog Devices, Inc.*, 34 Mass. App. Ct. 905, 906

(1993); *Vinci* v. *Byers,* 65 Mass. App. Ct. 135, 138 n.10 (2005) (party opposing summary judgment may not create disputed issue of fact by submitting affidavit that contradicts his earlier sworn testimony). Given David's affidavit, no disputed issue of material fact existed as to the use of the baseball field.[6] What remained was purely a question of law: whether use of the baseball field for organized league baseball games ran afoul of the master declaration's restriction that all lots in the subdivision "shall be used for single-family residential purposes only."

2. *Use of the property as a baseball field for organized league activities.* As stated above, the master declaration provides explicitly that "[t]he Lots shall be used for single-family residential purposes only." It further provides that "[t]he acceptance of a Deed to a Lot by any Owner shall be deemed an acceptance of the provisions of this Master Declaration, the Trust and the By-Laws and rules and regulations of the Grey Ledge Association, as the same shall be amended from time to time, and an agreement by such Owner to be bound by them in all respects"; and that "[t]he Lots . . . shall have the mutual burden and benefit of the following restrictions on the use and occupation thereof, which restrictions, except as otherwise provided or allowed by law, shall run with the land."

The Massads do not dispute that David purchased his lot in 1990 subject to the master declaration and to the trust establishing the association.[7] Nor do they dispute that the restriction on use for single-family residential purposes runs with the land and conveys an actual and substantial benefit on the association and, in turn, the individual lot owners. See *Brear* v. *Fagan,* 447 Mass. 68, 71 (2006); *Kline* v. *Shearwater Assn., Inc.* 63 Mass. App. Ct. 825, 831-832 (2005). What is disputed is whether the use of the baseball field to conduct organized league baseball

---

[6]Indeed, even at this juncture, the defendants have failed to identify disputed material facts that they were prevented from presenting to the judge prior to entry of summary judgment. See *Alphas Co.* v. *Kilduff,* 72 Mass. App. Ct. 104, 109-110 (2008) (to obtain leave to take additional discovery in response to summary judgment motion, party must show that information sought would raise material question of fact).

[7]The Massads conceded in argument that the trust is the entity charged with managing, administering, and enforcing the master declaration for the benefit of the owners of the eight lots in the development.

games is a use for single-family residential purposes. The judge concluded that regardless whether use of the property as a baseball field is a "non-commercial open air recreation[al use]" allowable by special permit under the town's zoning by-law,[8] such use is not for "single-family residential purposes only" within the meaning of the master declaration's restriction. We agree. See *Kline* v. *Shearwater Assn., Inc.*, *supra* at 831 (covenants construed with view of avoiding results that are absurd or inconsistent with parties' intent). As matter of law, the hosting of organized league baseball games (whether formal games or mere practices) for such leagues or teams as American Legion Baseball and Worcester Heat AAU Baseball violates the master declaration's restriction to use for "single-family residential purposes only." See *ibid.*; *Weston Forest and Trail Assn., Inc.* v. *Fishman*, 66 Mass. App. Ct. 654, 661 (2006), quoting from *Chatham Conservation Foundation, Inc.* v. *Farber*, 56 Mass. App. Ct. 584, 590 (2002) ("restriction, like a deed, is to be construed . . . beneficially, according to the apparent purpose of protection or advantage [that] it was intended to secure or promote").

We reject the Massads' contention that the master declaration gives them and any other owner in the development the right to use their property in any manner that is consistent with the town's zoning by-law. The master declaration is a private agreement specifically established "to facilitate the development and maintenance of the [eight] lots for the benefit of the owners," who purchased with full knowledge of the benefits and burdens of ownership. See *Patterson* v. *Paul*, 448 Mass. 658, 662 (2007) ("Landowners . . . remain free to burden or benefit their land with use restrictions, enforceable for a period less than, or greater than, thirty years"). Within that context, the master declaration may, as it did here, impose more stringent restrictions than those imposed by the town's zoning by-law. Stated differently, although the zoning by-law limits the uses that the master declaration may permit, the master declaration may impose greater restrictions than those imposed by the zoning by-law. See *Rosenfeld* v. *Zoning Bd. of Appeals of Mendon*, 78 Mass. App. Ct. 677, 678, 681 (2011). Indeed, to conclude

___

[8]The Massads obtained such a special permit during the pendency of this dispute.

otherwise would render the use restrictions in the master declaration superfluous.

3. *The common driveway regulation.* In the course of their dispute with the Massads, the trustees adopted a rule and regulation designed to deal with traffic on the common driveway serving the eight lots that arose from use of the field for organized league baseball games. The regulation specified that "[a]ll vehicular traffic on the Common Driveway shall be limited to Lot Owners, their families, social invitees, and service company licensees." The regulation specified further that "[n]o more than seven social invitee vehicles shall be permitted to use the Common Driveway during an Owner social event unless the Owner obtains prior approval from the Trustees," and "[n]o buses or vehicles carrying more than nine (9) occupants shall use the Common Driveway during an Owner social event unless the Owner obtains prior approval from the Trustees."

Contrary to the Massads' contention, the trustees clearly possess the authority to adopt such a rule and regulation regarding vehicle use of the common driveway. In arguing that such a regulation requires a vote of 51 percent of the eight lot owners and that such a vote must be recorded in the registry of deeds, the Massads confuse the authority of the trustees to adopt rules and regulations as set forth in the trust with the requirements necessary to alter or amend the trust itself. In adopting the regulation in question, the trustees exercised a power specifically granted to them in the trust.[9]

We also reject the Massads' opaquely developed contention that the challenged regulation deprives them of their constitutional right to use their property as afforded by the Fourteenth Amendment to the United States Constitution and arts. 1, 10, and 12 of the Massachusetts Declaration of Rights. Even beyond the fact that such a private restriction likely does not amount to State action, the regulation only imposes reasonable restrictions

---

[9]The trust provides at § 5.7 that "[t]he Trustees may adopt, modify or rescind, by a majority vote, rules and regulations governing the details of the operation and use of the Association Property, and containing such restrictions on and requirements respecting, the use and maintenance of the Association Property as are consistent with the provision hereof, and designed to prevent unreasonable interference with the use by the Owners of the Association Property."

on the number and type of *vehicles* that may use the *common driveway* without prior approval of the trustees.[10] See *Franklin v. Spadafora*, 388 Mass. 764, 773 (1983). The regulation does not deprive the Massads of their right to use their property as a single-family residence and imposes no limit on the number of individuals that the Massads may invite to their residence for a social function.

*Judgment affirmed.*

---

[10]We express no opinion on the suggestion in the trustees' brief that the regulation applies only to parking on the common driveway.