NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-1464                                        Appeals Court

RUTH KENNEDY & others[1] vs.  COMMONWEALTH & others.[2]


No. 16-P-1464.

Hampshire.    September 19, 2017. – January 18, 2018.

Present:  Vuono, Blake, & Singh, JJ.


School and School Committee, Regional school district, Standing
     to challenge validity of statute.  Contract, Regional
     school district, Promissory estoppel.  Constitutional Law,
     Standing, Home Rule Amendment, Special law.  Municipal
     Corporations, Home rule.  Statute, Special law.  Practice,
     Civil, Standing, Declaratory proceeding, Motion to dismiss.
     Declaratory Relief.


Civil action commenced in the Superior Court Department on
October 31, 2014.

Motions to dismiss were heard by Bertha D. Josephson, J.


James B. Lampke (Russell J. Dupere also present) for the
plaintiffs.
Layla G. Taylor for town of Worthington.

---

[1] Derrick Mason, town of Huntington, and Gateway regional
school district.

[2] Town of Worthington, Department of Elementary and
Secondary Education, and town of Russell.

     Kerry David Strayer, Assistant Attorney General (Juliana deHaan Rice, Assistant Attorney General, also present) for the Commonwealth & another.

     VUONO, J.  This appeal arises from the town of Worthington's (Worthington's) withdrawal from the Gateway regional school district (school district) pursuant to special legislation.  The school district was established in 1957 and consisted of seven member towns in Hampden and Hampshire Counties until May 7, 2014, when the Legislature adopted "An Act Relative to the Withdrawal of the Town of Worthington From the Gateway Regional School District."  St. 2014, c. 97 (act).  The act enabled Worthington to withdraw from the school district without the consent of the other member towns.  The school district, the town of Huntington (Huntington), Ruth Kennedy (a resident of the member town of Russell), and Derrick Mason (a resident of the member town of Russell), brought an action in Superior Court against Worthington, the Commonwealth, the Department of Elementary and Secondary Education (department), and the town of Russell, challenging the act.  The defendants filed motions to dismiss pursuant to Mass.R.Civ.P. 12(b)(1) & (6), 365 Mass. 754 (1974), which a judge allowed.  Primarily for the reasons set forth in the judge's well-reasoned memorandum of decision, we affirm.

Background.  Between 1957 and 1968, the towns of Russell, Worthington, Huntington, Middlefield, Montgomery, Chester, and Blandford entered into an agreement for the creation and the operation of the school district.  See G. L. c. 71, §§ 14-14B, 15.  Among other things, the agreement provides for the location of schools, the apportionment and payment of costs by member towns, and the employment of teachers.  The agreement also outlines the procedures through which a town may enter and withdraw from the school district.  Withdrawal of a member town must be done by amendment to the agreement, and the withdrawal takes effect after each town in the school district accepts the amendment by obtaining a majority vote from its residents during a town meeting.  The agreement requires unanimous approval by the remaining towns before a town may withdraw.  Any town allowed to withdraw from the school district remains liable under the agreement for its share of unpaid operating costs and indebtedness for capital expenses incurred while the withdrawing town was a member.

In early 2013, Worthington advised the school district that it wished to withdraw, and then attempted to do so.  However, Worthington failed to obtain the approval of the other member towns and, as a result, the residents of Worthington voted to file a home rule petition with the Legislature seeking legislation that would permit Worthington to withdraw from the

school district.  See art. 89, § 6, of the Amendments to the Massachusetts Constitution (home rule amendment).[3]

On July 8, 2013, a home rule petition was filed on behalf of Worthington.  See 2013 House Doc. No. 3574.  The plaintiffs state that the proposed legislation was changed to "a non-home rule bill," though they dispute that it was changed to a special law.[4]  On April 28, 2014, the Legislature approved the act, and it was signed by the Governor on May 7, 2014.  The act states in relevant part:

> "Notwithstanding chapter 71 of the General Laws or any other general or special law or agreement to the contrary, the town of Worthington may unilaterally withdraw as a member of the Gateway Regional School District."

St. 2014, c. 97, § 1.  The act required Worthington to pay the school district (1) any amounts that it would have been obligated to pay under the agreement for operating and capital costs, and (2) any amounts owed under the agreement to the Massachusetts School Building Authority.  St. 2014, c. 97, § 2.

---

[3] Pursuant to the home rule amendment, the Legislature has the power to act in relation to all cities, all towns, all cities and towns, or to a class of cities and towns of not fewer than two; the Legislature also has the power to act when the legislation only affects one city or town, by way of a special law, if the municipality has met certain requirements.  See Opinion of the Justices, 429 Mass. 1201, 1204 (1999).

[4] The defendants allege that the legislation was changed to a special law.  There is no explanation in the record regarding whether the bill was indeed changed to a bill for a special law, aside from disputing statements of the parties.  As explained infra, the act was not improper however it is viewed.

The act also directed the department to convene a "reorganization needs conference," to assess, among other things, (1) the impact of Worthington's withdrawal, (2) its effect on current and future enrollments in the school district, (3) an inventory of the educational facilities in the school district, and (4) Worthington's continued obligations for capital indebtedness.

In their amended complaint, the plaintiffs sought damages and declaratory relief, contending that adoption of the act and any related actions taken by the defendants constitutes an unconstitutional impairment of contract, a violation of the home rule amendment, interference with contractual relations (the plaintiffs subsequently withdrew this claim), and a violation of the so-called "local mandates" law, see G. L. c. 29, § 27C. The plaintiffs also claim that Worthington breached the agreement and the implied covenant of good faith and fair dealing, requiring promissory estoppel due to the plaintiffs' detrimental reliance.

In allowing the defendants' motions to dismiss, the judge reasoned that the two individual plaintiffs, i.e., Kennedy and Mason, did not have standing to raise any claim regarding the act because their harm was too speculative. The judge also determined that the school district and Huntington did not have standing to claim that the act violated the contracts clause of

the United States Constitution because only "citizens" have the right to challenge the constitutionality of the act.  She further held that the school district did not have standing to claim that the act violated the home rule amendment because the school district was not a municipality.  Furthermore, she held that the act did not violate the home rule amendment as the act did not apply solely to Worthington, i.e., it related to all of the towns in the school district.

The remaining contract and promissory estoppel claims were similarly dismissed.  The judge held that Worthington acted in good faith in its attempt to withdraw from the agreement, through the method provided in the agreement; it was only when the parties "reached a stalemate" that Worthington sought action from the Legislature.  Regarding the estoppel claim, she found no allegation of concealment or a misrepresentation by Worthington, and therefore there could not have been any reliance by the plaintiffs.  The judge also held that the act did not violate the local mandates law, and that the plaintiffs were not entitled to a declaratory judgment as there was no actual controversy.  The complaint was dismissed and judgment entered.  The plaintiffs appealed.

Discussion.  1.  Standing.  "A defendant may properly challenge a plaintiff's standing to raise a claim by bringing a motion to dismiss under Mass.R.Civ.P. 12(b)(1) or (6)."  Ginther

v. Commissioner of Ins., 427 Mass. 319, 322 (1998).  "'While a complaint attacked by a . . . motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions . . . .  Factual allegations must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .' [Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)].  What is required at the pleading stage are factual 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief."  Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting from Bell Atl. Corp., supra at 557.  On appeal, we "accept the factual allegations" in a plaintiff's complaint, "as well as any favorable inferences reasonably drawn from them, as true."  Ginther, 427 Mass. at 322.

Here, the defendants claim that the individual plaintiffs, Kennedy and Mason, do not have standing to challenge the act because they have not suffered any harm.  The defendants also assert that the town of Huntington and the school district lack standing to raise claims for impairment of contract under the contracts clause of the United States Constitution and pursuant to the home rule amendment.

A.  Plaintiffs Kennedy and Mason.  We agree with the judge's conclusion that Kennedy and Mason lack standing because they have failed to allege facts beyond mere speculation that they will incur damages as a result of the act or Worthington's withdrawal from the school district.  Kennedy and Mason allege that they "will have to pay more in taxes and other municipal fees in order to make up for the loss of the financial obligations" owed by Worthington under the agreement, and that Worthington's withdrawal is "causing serious and irreparable damage, financial and otherwise and disruption to the orderly and effective administration of the [school district] to the detriment of" the plaintiffs.

These assertions are merely conclusions and are not supported by allegations of specific injury; therefore, they do not rise above speculation and are not sufficient to confer standing.  See Tax Equity Alliance for Mass. v. Commissioner of Rev., 423 Mass. 708, 715-716 (1996) ("[O]nly persons who have themselves suffered, or who are in danger of suffering, legal harm can compel the courts to assume the difficult and delicate duty of passing upon the validity of the acts of a coordinate branch of the government" [citation omitted]).  See also Ginther, supra at 323 (plaintiffs who have not alleged facts that "place them within the area of concern of the statute" do not have standing as they have not alleged substantial injury).

B.  Remaining plaintiffs.  Next, the defendants assert that the school district and the town of Huntington are governmental entities and therefore are not entitled to raise any constitutional claims.  We agree.  The school district, created pursuant to G. L. c. 71, is "a body politic and corporate" that has the power "[t]o sue and be sued, but only to the same extent and upon the same conditions that a town may sue or be sued." G. L. c. 71, § 16, inserted by St. 1949, c. 638, § 1.  As "political subdivision[s] of the Commonwealth," Dartmouth v. Greater New Bedford Regional Vocational Technical High Sch. Dist., 461 Mass. 366, 379 (2012), towns "are not 'persons' for purposes of challenging the constitutionality" of State statutes.  Id. at 380.  See Spence v. Boston Edison Co., 390 Mass. 604, 609 (1983).  Thus, neither the school district nor Huntington has standing to challenge the constitutionality of the act.  Id. at 608-610 (city cannot invoke constitutional protections against State).  Accordingly, the plaintiffs' constitutional claims properly were dismissed.[5]

C.  Pursuant to home rule amendment.  Section 8 of the home rule amendment states that the Legislature "shall have the power to act in relation to cities and towns, but only by [G]eneral

_____

[5] The school district and Huntington invite us to "exercise [our] broad authority and adopt a limited and specific exception to the standing rules for governmental entities to challenge certain [S]tate laws."  We decline the invitation.

[L]aws which apply alike to all cities or to all towns, or to all cities and towns, or to a class of not fewer than two, and by special laws."  The plaintiffs argue that the act is not a special law and yet it applies to only one town, i.e., Worthington, thus violating the home rule amendment.  "A municipality has standing to assert this [type of] claim." Clean Harbors of Braintree, Inc. v. Board of Health of Braintree, 415 Mass. 876, 881 (1993) (Clean Harbors).  For the purpose of this appeal we assume without deciding that the school district has standing as well.

We conclude, as did the judge, that even though the act permitted only Worthington to withdraw from the school district and, as a result, had the appearance of a special law, the act was appropriate legislation under the home rule amendment. Contrast Opinion of the Justices, 374 Mass. 843, 850-851 (1978). In effect, as the judge ruled, the act sets out the rights and duties of all seven member towns of the school district prior to and after the withdrawal of Worthington.  St. 2014, c. 97, § 4. The home rule amendment preserves the Legislature's rights with respect to "State, regional, and general matters."  Clean Harbors, supra.  Because, the act did not affect only

Worthington, Huntington's (and the school district's) challenge to the act fails.[6]  See id. at 881-882, and cases cited.[7]

2.  Contract claims.  The school district and Huntington further claim that the act effectively permits Worthington to breach the agreement and the implied covenant of good faith and fair dealing; the plaintiffs also seek promissory estoppel based on their detrimental reliance on the agreement.[8]  The flaw in this argument is that Worthington sought to withdraw from the school district according to the terms of the agreement.  When Worthington's effort to withdraw pursuant to the agreement failed, Worthington sought legislative action as an alternative means for withdrawal from the school district.  The act, see c. 97, §§ 2-4, sets out the specific means whereby Worthington could withdraw from the school district.  Section 4 of the act

---

[6] If the act is viewed as the defendants prefer, i.e., as a special law affecting only one municipality, it still was proper because it was a petition based on a vote by the town meeting of Worthington.

[7] The plaintiffs sought to amend their complaint to allege that the act violates art. 30 of the Massachusetts Constitution. In light of the foregoing discussion, the judge did not abuse her discretion by failing to allow the motion to amend.

[8] The plaintiffs also seek specific performance of the contract.  Specific performance requires findings that money damages are not an adequate remedy under the contract.  See Perillo, Corbin on Contracts §§ 63.1, 63.4, and 63.5 (2012). The judge did not reach the issue of specific performance of the agreement as it is not appropriate for resolution on a motion to dismiss.  Moreover, she disposed of the contract claims as a matter of law.

required, among other things, the commissioner of the department to evaluate:

> "a long range education plan to determine:  (i) the impacts of the withdrawal; (ii) the impacts of the withdrawal on current and future enrollment in the district; (iii) an inventory of all educational facilities under the jurisdiction of the remaining communities in the district; (iv) plans for the reimbursement of the [C]ommonwealth's capital expenditures for facilities located in the town of Worthington; (v) the requirements for continued assessments to the town of Worthington for district facilities previously paid by the town of Worthington; (vi) the administrative structure of the new district; (vii) the long-term fiscal impacts of the withdrawal of the town of Worthington, including detailed analyses of transportation, special education, vocational education and personnel costs; and (viii) fiscal recommendations to hold harmless the remaining communities."[9]

This is not a situation where Worthington withdrew from the school district unilaterally and ceased paying the required amounts incurred by the school district while enjoying the benefits of the services rendered by the school district.  As the judge noted, the amended complaint does not establish any affirmative detrimental consequences, but instead provides a brief and unspecified accusation regarding additional costs. There is nothing in the amended complaint that rises above the speculative level as to factual allegations of bad faith or a representation by Worthington on which the plaintiffs relied.

---

[9] The plaintiffs argue that the indirect personnel costs, especially retirement benefits and health care costs, are sufficient to establish standing.  However, § 4 of the act addresses these costs.

3.  Remaining claims.  A.  Local mandates law.  General Laws c. 29, § 27C(a), inserted by St. 2012, c. 165, § 112, provides in pertinent part:  "Any law . . . imposing any direct service or cost obligation upon any city or town shall be effective . . . only if such law is accepted by vote . . . in the case of a town by a town meeting . . . ."  The amended complaint does not plead any facts that support Huntington's or the school district's position that either is likely to incur direct cost obligations other than a possible increase in what the remaining towns may be required to pay to support the school district.  These alleged costs are indirect and in any event are speculative; therefore, they are not sufficient under § 27C(a) to support the plaintiffs' claim.

B.  Declaratory judgment.  Finally, as the judge correctly observed, because all of the plaintiffs' claims could not survive the motion to dismiss, there was no actual controversy at stake and declaratory relief therefore is not available.  See Gay & Lesbian Advocates & Defenders v. Attorney Gen., 436 Mass. 132, 134 (2002).

Judgment affirmed.