NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

25-P-45                                          Appeals Court


   TIMOTHY HLADIK & others[1]  vs.  LPL FINANCIAL LLC & another.[2]


No. 25-P-45.

Suffolk.    October 9, 2025. – March 19, 2026.

Present:  Vuono, Desmond, & Toone, JJ.


Conversion.  Fiduciary.  Negligence.  Uniform Securities Act.
     Investment Advisor.  Jurisdiction, Superior Court.
     Superior Court, Jurisdiction.  Practice, Civil, Motion to
     dismiss, Standing.



     Civil action commenced in the Superior Court Department on
April 18, 2023.

     After a hearing before Michael D. Ricciuti, J., motions to
dismiss were considered by Kenneth W. Salinger, J.


     John E. Sutherland for the plaintiffs.
     Matthew T. Bohenek for LPL Financial LLC.
     Janine M. Lucas, of Michigan (Kirsten Patzer also present)
for SII Investments Inc.

---

     [1] Debra Tarr-Johnson, Ralph Brian Johnson, and Brian King.

     [2] SII Investments Inc.

TOONE, J.  The plaintiffs, Timothy Hladik, Debra Tarr-Johnson and Ralph Brian Johnson (the Johnsons), and Brian King, sued the defendants, LPL Financial LLC and SII Investments Inc., in the Superior Court for conversion, breach of fiduciary duty, negligence, and violation of the Uniform Securities Act, G. L. c. 110A (MUSA).  All four plaintiffs brought claims against SII Investments, and all but Hladik brought claims against LPL Financial.  A judge dismissed the complaint without prejudice for lack of subject matter jurisdiction under Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974) (rule 12 [b] [1]).  We conclude that the plaintiffs' nonspeculative and particularized allegations of injury are sufficient to allow the court to decide the merits of their claims.  The judge did not address whether, in the alternative, the complaint should be dismissed for failure to state a claim under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974) (rule 12 [b] [6]), and we decline to affirm the judgment of dismissal on that ground.  Rather, because both defendants' rule 12 (b) (6) motions relied on "matters outside the pleading," we remand the case so that the judge may decide whether to exclude those matters or instead treat the motions as ones for summary judgment.  See Mass. R. Civ. P. 12 (b), 365 Mass. 754 (1974).

1.  Background.  The plaintiffs allege in their second amended complaint that they were clients of an investment broker

named Paul Richard McGonigle, who worked for SII Investments from 1998 until February 2018, then worked for LPL Financial until June 2019.  In 2023, McGonigle pleaded guilty in Federal court to investment adviser fraud, money laundering, wire fraud, mail fraud, and aggravated identity theft.  The plaintiffs allege that McGonigle stole money from his clients in a variety of ways.  He posed as his clients in telephone calls, forged their signatures on annuity surrender forms, induced clients to transfer funds to him, wrote checks to himself from client accounts, and comingled funds.  The plaintiffs further allege that they "did not suspect or know that Mr. McGonigle was misappropriating their funds," the defendants "were complicit in allowing Mr. McGonigle to transfer away [their] assets," and they lost significant amounts of their savings as a result of the defendants' "failure to supervise Mr. McGonigle."

Both defendants moved to dismiss the complaint.  LPL Financial moved to dismiss under rule 12 (b) (1) and (6).  In support of its motion, LPL Financial submitted two declarations from its employees, and a third declaration that attached six documents from Hladik's Financial Industry Regulatory Authority (FINRA) arbitration.  SII Investments moved to dismiss the complaint pursuant to rule 12 (b) (6).  It submitted an employee affidavit that attached its 1998 registered representative agreement with McGonigle and quoted that agreement in its

motion.  SII Investments also attached the new account applications and customer agreements for the Johnsons and King and relied on those documents throughout its motion.

After a judge in the Superior Court heard oral argument on the defendants' motions, a second judge issued a decision and order dismissing the complaint pursuant to rule 12 (b) (1).[3]  The judge concluded that the plaintiffs' allegations failed to show that each plaintiff "suffered a nonspeculative, direct injury."  See Pugsley v. Police Dep't of Boston, 472 Mass. 367, 373 (2015).  In particular, while the plaintiffs "assert that McGonigle engaged in schemes to steal money from various unidentified clients," "[t]here is no way to tell from the factual allegations in the complaint whether McGonigle did any of these things to the Plaintiffs."  Even though only LPL Financial moved to dismiss under rule 12 (b) (1), the judge also allowed SII Investments' motion on this ground because the plaintiffs' lack of standing "goes to the Court's subject matter jurisdiction" and the judge had a duty to resolve "any apparent question about its power to resolve Plaintiffs' claims." Judgment entered dismissing all claims without prejudice.

---

[3] The record does not indicate why the second judge issued the decision instead of the first.

2.  _Discussion_.  We review de novo the dismissal of a complaint under either rule 12 (b) (1) or (6).  See _Pinti_ v. _Emigrant Mtge. Co_., 472 Mass. 226, 231 (2015), citing _Curtis_ v. _Herb Chambers I-95, Inc_., 458 Mass. 674, 676 (2011).

a.  _Subject matter jurisdiction_.  Standing is a question of subject matter jurisdiction that "goes to the power of the court to hear and decide the matter."  _Ginther_ v. _Commissioner of Ins_., 427 Mass. 319, 322 n.6 (1998).[4]  A jurisdictional challenge

---

[4] Although the Supreme Judicial Court stated in _Ginther_ that "[a] defendant may properly challenge a plaintiff's standing to raise a claim by bringing a motion to dismiss" under either rule 12 (b) (1) or (6), _Ginther_, 427 Mass. at 322, citing _Doe_ v. _Governor_, 381 Mass. 702, 705 (1980), the court also stated that "[b]ecause the question of subject matter jurisdiction goes to the power of the court to hear and decide the matter, we consider that question first under rule 12 (b) (1)," _Ginther_, _supra_ at 322 n.6.  Neither _Doe_ nor _Ginther_ explained how a defendant can challenge standing, as opposed to a plaintiff's failure to state a claim, through a motion to dismiss under rule 12 (b) (6).  The case that _Doe_ cited for that proposition, _Foley_ v. _Polaroid Corp_., 381 Mass. 545, 548 (1980), does not appear to shed further light on the issue.  In _Abate_ v. _Fremont Inv. & Loan_, 470 Mass. 821 (2015), the court reiterated that "[s]tanding may be considered under either" rule 12 (b) (1) or (6), _Abate_, _supra_ at 828, citing _Ginther_, _supra_ at 322, but also noted that "[a]s a component of subject matter jurisdiction, a party may challenge, or a judge may consider, sua sponte, standing under rule 12 (b) (1) at any time."  _Abate_, _supra_, citing Mass. R. Civ. P. 12 (h) (3), 365 Mass. 754 (1974).  In that case, the court explained that, although the judge "ostensibly resolved the respondents' claim that the petition failed to state a claim under rule 12 (b) (6), the issue before the judge was essentially a challenge to subject matter jurisdiction or, more specifically, [the plaintiff's] standing."  _Abate_, _supra_ at 831.  Although we do not decide the issue, the decision in _Abate_ suggests that the dictum in _Doe_ and _Ginther_ that standing may be raised under rule 12 (b) (6) is simply an acknowledgment that an action may be dismissed "[w]henever it

under rule 12 (b) (1) can be factual or facial. Where a party's challenge is supported by affidavits or other matters outside the record, the challenge is factual and the burden falls to the nonmoving party to prove jurisdictional facts. See Callahan v. First Congregational Church of Haverhill, 441 Mass. 699, 710-711 (2004), overruled on other grounds by Temple Emanuel of Newton v. Massachusetts Comm'n Against Discrimination, 463 Mass. 472, 478 (2012). Under such a challenge, "the plaintiff's jurisdictional averments [in the complaint] are entitled to no presumptive weight [and] the court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties." Hiles v. Episcopal Diocese of Mass., 437 Mass. 505, 516 (2002), quoting Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).

Here, even though the defendants presented a substantial amount of evidence in support of their motions to dismiss, none of it supported a jurisdictional challenge. SII Investments did not challenge jurisdiction at all. LPL Financial sought dismissal under 12 (b) (1) for lack of subject matter jurisdiction, but its challenge was limited to the adequacy of the plaintiffs' allegations of injury. We therefore review the

---

appears by suggestion of a party or otherwise that the court lacks jurisdiction of the subject matter." Mass. R. Civ. P. 12 (h) (3).

dismissal as the result of a "'facial attack' based solely on the allegations of the complaint, taken as true for purposes of resolving the complaint." Hiles, 437 Mass. at 516 n.13. See Ginther, 427 Mass. at 322, citing Nader v. Citron, 372 Mass. 96, 98 (1977). For the same reason, we reject the argument of SII Investments that the plaintiffs had to present evidence to "substantiate" their allegations of standing.[5]

In its motion, LPL Financial contended that the Superior Court lacked jurisdiction to hear this action because the plaintiffs did not adequately allege injury. "Under general principles of standing in the courts of the Commonwealth, an allegation of injury is required." Kenn v. Eascare, LLC, 103 Mass. App. Ct. 643, 650 (2024), citing Sullivan v. Chief Justice for Admin. & Mgt. of the Trial Court, 448 Mass. 15, 21 (2006).[6]

---

[5] We agree with the judge that the complaint could only be dismissed under 12 (b) (1), if at all, without prejudice. "Dismissals for lack of subject matter jurisdiction are ordinarily without prejudice because dismissal for lack of jurisdiction is typically not an adjudication on the merits" (citation omitted). Abate, 470 Mass. at 836. The judge's jurisdictional analysis involved a perceived defect of pleading -- not a matter "where a lack of standing [was] fatal to the merits of the plaintiff's claim[s]," which would have required dismissal with prejudice. Braxton v. Boston, 96 Mass. App. Ct. 714, 720 (2019), quoting Rental Prop. Mgt. Servs. v. Hatcher, 479 Mass. 542, 547 (2018). See Abate, supra.

[6] Massachusetts jurisdictional standing requirements are distinct from Federal requirements. Federal limitations on justiciability are grounded in the case and controversy limitation in art. III of the United States Constitution, which does not apply to State courts. See LaChance v. Commissioner of

"Only [plaintiffs] who have themselves suffered, or who are in danger of suffering" injury have standing to sue, Burlington v. Bedford, 417 Mass. 161, 164 (1994), and the injury alleged must be more than merely "speculative, remote, and indirect." Sullivan, supra. See Vita v. New England Baptist Hosp., 494 Mass. 824, 832 (2024), quoting Murchison v. Zoning Bd. of Appeals of Sherborn, 485 Mass. 209, 212 (2020) (plaintiff must "demonstrate a nonspeculative particular and personal harm"). Conclusory assertions that do not rise above speculation and are "not supported by allegations of specific injury" are insufficient to confer standing. Kennedy v. Commonwealth, 92 Mass. App. Ct. 644, 649 (2018).

We conclude that the plaintiffs' allegations of injury suffice to establish standing and thus subject matter jurisdiction. Among other things, the complaint alleges that, as a result of the defendants' failure to supervise McGonigle and prevent his misappropriation of their assets, Hladik lost at least $100,000, the Johnsons lost at least $167,000, and King lost at least $80,000 from their retirement savings. Even though, as discussed infra, other allegations pertaining to the plaintiffs' claims are conclusory, these allegations of injury

---

Correction, 475 Mass. 757, 771 n.14 (2016); Kenn, 103 Mass. App. Ct. at 648-650.

are particularized, personal, and nonspeculative.  Cf. Kenn, 103 Mass. App. Ct. at 652 (courts find injuries too speculative or remote when they "concern hypothetical future injuries premised on a certain set of facts occurring").

We reject the suggestion that, to establish subject matter jurisdiction, the plaintiffs also had to show that the defendants owed them a legal duty and committed a breach of that duty.  Such allegations are required when a party sues a "public defendant."  See Pugsley, 472 Mass. at 371; Sullivan, 448 Mass. at 21; Ginther, 427 Mass. at 323; Northbridge v. Natick, 394 Mass. 70, 75 (1985).  This action, by contrast, involves a dispute between individuals and businesses.  Accordingly, the plaintiffs need only allege injuries that are particularized, nonspeculative, and personal to them.[7]

For the same reason, we need not decide, for purposes of this jurisdictional inquiry, whether the plaintiffs have stated plausible claims for relief.  In other contexts, jurisdictional

---

[7] If a plaintiff sues a defendant for violation of a law, regulation, or constitutional provision, the alleged injury must also fall "within the area of concern of the statute, regulatory scheme, or constitutional guarantee under which the injurious action has occurred."  Doe No. 1 v. Secretary of Educ., 479 Mass. 375, 386 (2018).  The plaintiffs in this case assert only one violation of a statute, MUSA, and the alleged theft of their savings falls within that statute's area of concern.  The area of concern test does not apply to the plaintiffs' common-law claims for conversion, breach of fiduciary duty, and negligence.

facts may intertwine with the merits of a party's claims. Compare Friedman v. Conservation Comm'n of Edgartown, 62 Mass. App. Ct. 539, 543 & n.6 (2004) (merits of dispute were "intertwined to some degree" with jurisdictional question whether plaintiffs had "suffered injury to a protected legal interest"), with Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 722-723 (1996) (distinguishing between plaintiffs' "success on the merits" and status as "person aggrieved" under G. L. c. 40A, § 17, for purposes of challenging zoning decision).  Not so here.  Because the plaintiffs' allegations of misappropriated funds are particularized, personal, and nonspeculative, the court has jurisdiction to decide their claims and the complaint should not have been dismissed under rule 12 (b) (1).

b.  The defendants' rule 12 (b) (6) motions.  Even though we conclude that the complaint should not have been dismissed under rule 12 (b) (1) for lack of subject matter jurisdiction, we have discretion to consider the defendants' alternative arguments for dismissal under rule 12 (b) (6).  See Chang v. Winklevoss, 95 Mass. App. Ct. 202, 215 (2019).[8]  To survive a

---

[8] Because the defendants have not cross-appealed, they could not have obtained, on this appeal by the plaintiffs, a dismissal of the plaintiffs' claims with prejudice, as that would have amounted to "a judgment more favorable to [them] than the

motion to dismiss under rule 12 (b) (6), plaintiffs "must plausibly allege an entitlement to relief above the speculative level." Hornibrook v. Richard, 488 Mass. 74, 78 (2021), citing Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008). "While a complaint need not contain 'detailed factual allegations,' it 'requires more than labels and conclusions.'" Cannata v. Mashpee, 496 Mass. 188, 191 (2025), quoting Iannacchino, supra. "What is required at the pleading stage are factual 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief." Iannacchino, supra, quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

As the United States Supreme Court has explained in discussing the analogous Federal standard, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Here, we share the judge's concern that the plaintiffs' complaint "leaves us guessing" as to how McGonigle allegedly stole from them. Even though the complaint alleges that McGonigle misappropriated money from the accounts of "his clients," induced "clients" to transfer funds to him,

---

judgment entered below." See Boston Edison Co. v. Boston Redev. Auth., 374 Mass. 37, 43 n.5 (1977).

and comingled "client funds" in his investment business account, it does not specify what McGonigle did with the plaintiffs' funds.  Instead, it makes only conclusory assertions with respect to the theft of those funds, and also fails to allege when the thefts occurred, which is key to understanding what claims each plaintiff may have against each defendant in light of McGonigle's change in employers in 2018.[9]

Notwithstanding this concern, we cannot affirm the judgment of dismissal under the alternative ground of rule 12 (b) (6).  Under Mass. R. Civ. P. 12 (b), the judge must first decide how to respond to the defendants' reliance on material outside the pleading in support of their rule 12 (b) (6) motions.

Consideration of a rule 12 (b) (6) motion is limited to "the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account" (citation omitted).  Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000).  See Golchin v. Liberty Mut. Ins. Co.,

---

[9] Although the judge wrote that the plaintiffs do not contend "that they could amend their complaint to add factual allegations sufficient to show that they have standing to sue SII Investments or LPL Financial," their counsel informed this court that they can provide more details regarding McGonigle's theft of their funds in a further amended complaint.  The plaintiffs may wish to consider seeking leave to amend for that purpose on remand.

460 Mass. 222, 224 (2011), quoting Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 n.4 (2004) (movant under rule 12 (b) (6) may also rely on documents that plaintiff had notice of "and relied on . . . in framing the complaint").  Both defendants rely on declarations from LPL Financial employees that purport to "refute" the allegation that LPL Financial had a customer relationship with the Johnsons and King.  SII Investments relies on other outside-the-pleading material, including its 1998 registered representative agreement with McGonigle and its customer agreements with the plaintiffs.  None of that evidence may be considered under rule 12 (b) (6).[10]

Nor can we disentangle the defendants' arguments for dismissal based on the purported inadequacy of the complaint from their arguments based on the outside-the-pleading material.  Even now, the parties cite this material throughout their briefs and in tandem with their challenges to the plaintiffs' allegations.  For example, SII Investments contends that, even though the complaint "seeks to hold Defendants liable for

---

[10] LPL Financial also contended that the judge could consider documents from the FINRA arbitration involving Hladik because the plaintiffs relied on them in framing their complaint.  See Marram, 442 Mass. at 45 n.4.  Because, as the plaintiffs stated in their complaint, Hladik "does not bring claims against LPL," there was no justification for LPL Financial to introduce those documents in support of its rule 12 (b) (6) motion.

McGonigle's conduct simply because McGonigle was allegedly associated with Defendants at various times when he committed the theft," its affidavit and attached materials (which the defendants included in their supplemental record appendix) show that "McGonigle engaged in other business activities wholly unrelated to SII," and that the plaintiffs were informed through their customer agreements that McGonigle was an independent contractor and "his contractual authority was limited to selling securities approved by the firm."  For its part, LPL Financial contends that we should discount the plaintiffs' allegations that they were its customers, both because the allegations are conclusory and because its employees' declarations assert that they could not "locate account statements or account opening documents for the Johnsons or King."

Under rule 12 (b) (6), if "'matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment' rather than as one to dismiss."  Golchin, 460 Mass. at 224, quoting Mass. R. Civ. P. 12 (b).  See Rawan v. Massad, 80 Mass. App. Ct. 826, 828 (2011) ("By submitting these matters outside the pleadings together with their motions, the [defendants] invited the judge to treat their motion to dismiss as one for summary judgment").  To be sure, "[n]othing requires the judge to accept the extraneous material; a possible alternative is to reject the proffer and

handle the matter as a straight [rule 12 (b) (6)] motion." J.W. Smith & H.B. Zobel, Rules Practice § 12.15 (2d ed. 2025). However, a failure "to exclude the outside-the-pleadings material equates to accepting them and thus mandates treating the motion as one for summary judgment." Id. The conversion requirement under Mass. R. Civ. P. 12 (b) ensures that when a court decides to consider material outside the pleading, the plaintiff will receive notice of that decision and have the opportunity to contest the defendant's evidence by submitting material that controverts it.

In this case, the judge must first decide how to treat the defendants' motions in accordance with the requirements of Mass. R. Civ. P. 12 (b). Specifically, the judge must decide whether to exclude the outside-the-pleading material presented in support of the defendants' motions or, instead, convert the motions into ones for summary judgment. If the judge decides to convert the motions, the plaintiffs must be given "reasonable opportunity to present all material made pertinent to such [motions] by Rule 56," see Mass. R. Civ. P. 12 (b), and the judge will need to decide any motion for discovery pursuant to Mass. R. Civ. P. 56 (f), 365 Mass. 824 (1974). Accordingly, we vacate the judgment of dismissal and remand for further proceedings consistent with this opinion.

So ordered.