This appeal follows a Probate and Family Court judgment dismissing with prejudice Kevin Boreri's (Boreri) pro se contempt complaint, filed on January 17, 2017, against Carrie Anne Boreri, also known as Carrie A. Milardo (Milardo), based on his allegation that she "may have grossly understated" her income in financial submissions, both pre- and post-divorce. We affirm.
Background. Boreri and Milardo were granted a divorce in 2002. On January 17, 2017, Boreri filed a complaint for contempt against Milardo. Boreri's complaint requested that Milardo be found in contempt for submitting fraudulent financial statements. Milardo filed a motion to dismiss pursuant to Mass. R. Dom. Rel. P. 12 (b) (6) and 9 (b). At the hearing on Milardo's motion to dismiss, conducted before a judge of the Probate and Family Court, Milardo argued that Boreri's complaint for contempt must be dismissed as he had not alleged disobedience by Milardo of a clear and unequivocal command of the court. The hearing judge determined that Boreri's allegations were in the nature of fraud or misrepresentation, not civil contempt. The judge found that the complaint for contempt was "not the proper vehicle to allege" fraud and dismissed Boreri's complaint with prejudice. Boreri appeals.
Discussion. "We review the allowance of a motion to dismiss de novo," Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011), accepting as true "the factual allegations in the plaintiff['s] complaint, as well as any favorable inferences reasonably drawn from them." Ginther v. Commissioner of Ins., 427 Mass. 319, 322 (1998). "What is required at the pleading stage are factual 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).
"Civil contempt is a means of securing for the aggrieved party the benefit of the court's order." Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 565 (1997). "It can be used as an enforcement mechanism only if the underlying order is sufficiently clear, so that the party to be bound is provided with adequate notice of the required or prohibited activity." Id. at 565-566.
Here, it was proper to dismiss the underlying contempt complaint as it failed to state a claim for contempt. See Whelan v. Frisbee, 29 Mass. App. Ct. 76, 82 (1990). Additionally, we find no merit in Boreri's contention that the judge denied him an opportunity to contest the motion to dismiss. The record before us belies that contention. Boreri submitted a written opposition and was afforded an opportunity at the motion hearing to advance an argument why the complaint should not be dismissed.
Finally, Milardo has requested appellate attorney's fees, and we conclude that on this record an award of such fees is appropriate. Milardo may submit a petition for attorney's fees, along with the necessary supporting materials, within fourteen days of the date of the rescript. See Fabre v. Walton, 441 Mass. 9, 10-11 (2004). Boreri may have fourteen days thereafter to file his response. See id.
Judgment dated March 21, 2017, affirmed.