Anthony Clemente, a prisoner in custody at the Massachusetts Correctional Institution at Norfolk (MCI-Norfolk or prison), appeals from a judgment dismissing his complaint.[2] Clemente's complaint seeks equitable relief -- an injunction requiring the defendant Department of Correction (department) to allow him to receive back his Koss headphones, in prison, if he sends them out to be repaired pursuant to their lifetime warranty. Because there is no legal theory that would allow Clemente the relief he seeks, we affirm.
As alleged,[3] Clemente purchased a pair of Koss headphones on some date prior to 2014 "due to their high quality and lifetime warranty." When Clemente purchased the headphones, and until 2014, MCI-Norfolk allowed prisoners to send damaged headphones to the manufacturer for repair or replacement; the manufacturer would then return the repaired or replaced headphones "to the inmates [for entry] back on their Property Inventory sheets." In October of 2014 the prison changed its policy and issued a memorandum stating that "effective immediately inmates will no longer be allowed to receive Koss headphones back from repair"; instead, the prisoner "may opt to have the repaired headphones sent from Koss directly to a 'civilian party.' "
Clemente filed this suit in November of 2015, charging, in essence, that the department "broke [its] promise" by changing its Koss headphones return policy and that, therefore, the prison was estopped from carrying out the new policy. The department moved, under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), to dismiss for failure to state a claim. A Superior Court judge allowed that motion, essentially on the ground that a claim for promissory estoppel does not lie against a governmental agency, such as the department, in these circumstances. See Ridgeley Mgt. Corp. v. Planning Bd. of Gosnold, 82 Mass. App. Ct. 793, 801-802 (2012) ("The courts cannot estop the conduct of a governmental ... agency ... because the public interest in the lawful work of the governmental actor overrides the unfairness or injury to the private complainant").
"We review the allowance of a motion to dismiss de novo," Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011), accepting as true "the factual allegations in the plaintiff['s] complaint, as well as any favorable inferences reasonably drawn from them." Ginther v. Commissioner of Ins., 427 Mass. 319, 322 (1998). "What is required at the pleading stage are factual 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).
Clemente's lawsuit suffers from multiple fatal defects, and thus fails as a matter of law. At bottom, the suit seeks specific performance in equity of an implied promise -- not an express promise -- allegedly made by a State agency.[4] Clemente claims that this implied promise arose because the State agency historically had followed a particular policy with respect to the handling of inmate property -- that is, the Koss headphones. The injunction Clemente seeks would tie the prison's hands with respect to headphones purchased prior to the policy change. Not surprisingly, Clemente cites no case that supports the granting of equitable relief in such circumstances.
There are sound and longstanding reasons that such equitable relief is not available. We pass the point that it is the rare case where any kind of estoppel can lie against the government, see Sullivan v. Chief Justice for Admin. & Mgt. of the Trial Court, 448 Mass. 15, 30-31 (2006), as we need not rest our decision on that ground. Equally fundamental is that a claim in equity for specific performance must show the lack of an adequate remedy at law, and that "a substantial right of the plaintiff will be impaired to a material degree." Kenyon v. Chicopee, 320 Mass. 528, 534 (1946). A judge will also consider whether an injunction is, on balance, in the public interest. Cf. Dunigan Enters., Inc. v. District Attorney for the N. Dist., 11 Mass. App. Ct. 254, 257 (1981) (upholding decision denying injunction against government, and noting that such power should be "exercised sparingly"). Compare Water Keeper Alliance v. United States Dep't of Defense, 271 F.3d 21, 34 (1st Cir. 2001).
Clemente's claim evidences none of these features. He complains that due to the change in prison policy the warranty on his headphones is not as valuable, because the headphones must be returned to a "civilian" outside of the prison, rather than returned to him.[5] Even assuming that such a claim can meet the requirements of promissory estoppel (a proposition as to which we have considerable doubt), it is a claim that can be quantified in money damages, not a claim to be remedied in equity. And perhaps more importantly, the claim seeks to have the courts directly interfere in prison policy with respect to the handling of prisoner property, and such policies are a matter of prison safety as to which prison officials have broad discretion. See Rasheed v. Commissioner of Correction, 446 Mass. 463, 476 (2006) (prison officials have "broad statutory authority" to implement security measures). Clemente's complaint provides no basis for such an interference with the public interest.[6]
No error appearing, the judgment is affirmed. The December 2, 2016, order denying Clemente's reconsideration motion is also affirmed.
So ordered.
Affirmed

He also appeals from an order denying reconsideration.

On July 6, 2016, Clemente filed a motion to amend his complaint, attaching a copy of his proposed amended complaint. Clemente did not serve this motion on the department and a judge denied it without prejudice to renewal. Clemente did not renew his motion. Clemente's operative complaint thus is his originally filed complaint. Nonetheless, for present purposes we will take our factual recitation from Clemente's proposed amended complaint, and our decision applies to the claims as stated in the amended complaint as well as the original complaint.

Cf. Rhode Island Hosp. Trust Nat'l Bank v. Varadian, 419 Mass. 841, 848 (1995) (essential elements of promissory estoppel claim include unambiguous promise and reasonable reliance on promise).

As the judge observed, the prison's new policy specifically "permits [Clemente] to direct the manufacturer to ship the headphones to a third-party civilian address."

The fact that other correctional facilities have different policies does not alter this analysis. Similarly, nothing in Clemente's motion for relief from judgment alters the analysis.