IN THE MATTER OF ELECTRIC MUTUAL LIABILITY INSURANCE COMPANY, LTD. (No. 2). January 5, 1998. *Insurance,* Commissioner of Insurance, Redomestication of insurer. *Practice, Civil,* Standing.

These cases arise out of the order of the Commissioner of Insurance (commissioner) allowing the redomestication of Electric Mutual Liability Insurance Company (EMLICO) to Bermuda. See *Matter of Electric Mut. Liab. Ins. Co., Ltd. (No.* 1) *ante* 362 (1998). The appellants, Kemper Reinsurance Company and certain underwriters at Lloyd's, London, and Turegum Insurance Company (London reinsurers) (collectively, reinsurers), filed separate actions in the Superior Court against the commissioner challenging her order approving the redomestication. EMLICO, Wilmington Trust Company, and Electric Insurance Company were also named defendants. The reinsurers sought judicial review under G. L. c. 30A of the commissioner's order, and a declaratory judgment concerning the lawfulness of that order under G. L. c. 231A. In addition, the London reinsurers requested mandamus to compel the commissioner to vacate the order.

The Superior Court judge dismissed the c. 30A and 231A complaints for lack of standing, declaring that the reinsurers had failed to state a cognizable injury directly related to the commissioner's order or to show that they are within the area of concern of the applicable statutes, namely policyholders. The Superior Court judge also dismissed the petition for mandamus, concluding that mandamus is a remedy for inaction, and generally not available in cases such as this one where action had already taken place.[1] The reinsurers appeal. We granted their applications for direct appellate review.

We agree with the Superior Court judge that the reinsurers do not come within the area of concern of G. L. c. 175, § 49A, or other insurance statutes claimed by the reinsurers to give them standing. See G. L. c. 175, §§ 206B & 206C. We also agree that the reinsurers have not demonstrated that the order has caused them direct and certain injury. We affirm the declaration entered by the Superior Court judge dismissing the reinsurers' complaints for lack of

[1]Relief in the nature of mandamus does not lie for discretionary acts. See *Urban Transport, Inc.* v. *Mayor of Boston,* 373 Mass. 693, 698 (1977), and cases cited.

·standing.[2] The other issues raised by reinsurers require standing, therefore we do not reach them.

*Judgments affirmed.*

*Scott P. Lewis* for Kemper Reinsurance Company.

*Nick J. DiGiovanni,* of Illinois (*Alice E. Richmond* with him) for certain underwriters at Lloyd's, London.

*Eric A. Smith,* Special Assistant Attorney General, for the Commissioner of Insurance.

*John A. Nadas* for Electric Insurance Company.

*Thomas S. Martin,* of New York (*Ian Crawford* with him) for Electric Mutual Liability Insurance Company, Ltd.

*Thomas E. Peisch & Erin K. Higgins,* for Wilmington Trust Company, submitted a brief.

---

[2] "[T]he same considerations are applicable in determining whether [plaintiffs] have standing to bring [a] suit for declaratory relief as would apply in determining whether they were parties aggrieved within the meaning of [a statute for judicial review]. In both instances we must look to the statutory purposes." *Westland Hous. Corp.* v. *Commissioner of Ins.,* 352 Mass. 374, 383 (1967).

