GEORGE GINTHER & another[1] vs. COMMISSIONER OF
INSURANCE & others.[2]

Suffolk. March 5, 1998. - April 21, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, & MARSHALL, JJ.

*Practice, Civil,* Parties, Standing, Dismissal. *Commissioner of Insurance.*
*Words,* "Person aggrieved."

A Superior Court judge correctly dismissed an action seeking review of a
decision of the Commissioner of Insurance approving the acquisition of an
insurance company under G. L. c. 175, § 206B, where the plaintiffs failed
to demonstrate that they were "persons aggrieved" within the meaning of
G. L. c. 175, § 206D [322-324], and neither the public purpose of G. L.
c. 175, § 206B, nor the fact that the plaintiffs had participated in the
administrative hearing below, conferred upon the plaintiffs standing to ap-
peal [324-325].

CIVIL ACTION commenced in the Superior Court Department on
April 23, 1997.

The case was heard by *Nonnie S. Burnes,* J., on motions to
dismiss.

The Supreme Judicial Court granted an application for direct
appellate review.

*Jason B. Adkins* (*David L. Kelston* with him) for the plaintiffs.

*Molly S. Boast,* of New York (*Eileen M. Fava* with her) for
Provident Companies, Inc., & others.

*Edward J. DeAngelo,* Assistant Attorney General, for the
Commissioner of Insurance.

*Jason B. Adkins,* for Center for Insurance Research, amicus
curiae, submitted a brief.

[1]Niagara Financial Services Incorporated.
[2]Provident Companies, Inc.; The Paul Revere Corporation; The Maclellan
Foundation, Inc.; Hugh O. Maclellan; Kathrina H. Maclellan; and Zurich
Insurance Company.

ABRAMS, J. The plaintiffs,[3] alleging that they were "persons aggrieved" under G. L. c. 175, § 206D (*f*) (1), brought an action in Superior Court seeking de novo review of the decision by the Commissioner of Insurance (commissioner) to approve the acquisition of Paul Revere Life Insurance Company and Paul Revere Variable Annuity Insurance Company (Paul Revere), both Massachusetts insurance companies, by Provident Companies, Inc. (Provident), a Delaware corporation. The defendants filed motions to dismiss.[4] The motions were allowed based on the plaintiffs' lack of standing. See Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974). We granted the plaintiffs' application for direct appellate review. We affirm.

1. *Facts.* On March 24, 1997, after a hearing, the commissioner, pursuant to G. L. c. 175, § 206B,[5] approved the acquisition of Paul Revere by Provident. At the hearing, Ginther gave testimony, cross-examined witnesses, and answered questions

[3]In an affidavit accompanying the plaintiffs' complaint in the Superior Court, Ginther asserts that he is the "founder, owner, and President" of Niagara Financial Services Incorporated (Niagara). According to the plaintiffs' complaint, Niagara is a broker in the sale of insurance, incorporated in New York.

[4]The motions to dismiss were brought pursuant to Mass. R. Civ. P. 12 (b) (1) and (6), 365 Mass. 754 (1974). See note 6, *infra.*

[5]General Laws c. 175, § 206B (*a*), requires that any merger, acquisition, or change of control of a Massachusetts domestic insurer be approved by the commissioner.

General Laws c. 175, § 206B (*d*) (1), provides: "The commissioner shall approve any merger or other acquisition of control referred to in said subsection (*a*) unless, after a public hearing thereon, he finds that:

"(i) after the change of control, the domestic insurer referred to in said subsection (*a*) would not be able to satisfy the requirements for the issuance of a license to write the line or lines of insurance for which it is presently licensed;

"(ii) the effect of the merger or other acquisition of control would be substantially to lessen competition in insurance in this commonwealth or tend to create a monopoly therein;

"(iii) the financial condition of any acquiring party is such as might jeopardize the financial stability of the insurer, or prejudice the interest of its policyholders;

"(iv) the terms of the offer, request, invitation, agreement of acquisition referred to in said subsection (*a*) are unfair, and unreasonable to the policyholders of the insurer;

"(v) the plans or proposals which the acquiring party has to liquidate the insurer, sell its assets or consolidate or merge it with any person, or to make any other material change in its business or corporate structure or manage-

from Provident's attorney. He also made posthearing submissions. The substance of Ginther's testimony at the hearing was that the acquisition was not in the public interest because the new company's market share would be so large that it would dominate the market, putting undue pressure on the industry's profit margins and allowing it to engage in predatory pricing.

The plaintiffs' complaint in the Superior Court reasserted the claims made at the administrative hearing and also claimed that the acquisition would cause the loss of jobs in Massachusetts. The complaint alleged no direct injury to the plaintiffs caused by the commissioner's decision. In an affidavit filed with his complaint, as well as at oral argument on the motion to dismiss, Ginther alleged that the commissioner's decision would injure the plaintiffs because (1) the plaintiffs feared that, after the acquisition, Paul Revere would discontinue issuing a certain type of more extensive disability policy, as Provident had recently done: Ginther alleged that he owned a Provident disability policy and claimed that, if in the future he needed to supplement his coverage, it would be more difficult to do so if Paul Revere stopped selling that type of policy; Niagara Financial Services Incorporated (Niagara) claimed that it would be harmed because customers who owned disability policies would have difficulty supplementing their coverage if Paul Revere stopped selling that type of disability insurance; (2) Niagara feared that, after the acquisition, Paul Revere would terminate its agency with Niagara, as Provident had recently done; and (3) Niagara asserted that Provident had a reputation for rejecting and litigating claims and Niagara feared that Paul Revere would implement similar policies, causing difficulty for its customers.

The Superior Court judge concluded that the "[p]laintiffs' alleged injuries are speculative and are not the proximate consequence of the subject acquisition. Whether Paul Revere will discontinue its disability policy line, discontinue Niagara's agency, or implement a policy of resisting claims is wholly

ment, are unfair and unreasonable to policyholders of the insurer and not in the public interest;

"(vi) the competence, experience and integrity of those persons who would control the operation of the insurer are such that it would not be in the interest of policyholders of the insurer and of the public to permit the merger or other acquisition of control; or

"(vii) the acquisition is likely to be hazardous or prejudicial to the insurance buying public."

speculative. Further, whether these contingencies come to pass or not will be the result of an internal business decision of Paul Revere, not the subject acquisition."

2. *Analysis.* We treat standing as an issue of subject matter jurisdiction. See *Doe* v. *The Governor*, 381 Mass. 702, 705 (1980). "The question of standing is one of critical significance. 'From an early day it has been an established principle in this Commonwealth that only persons who have themselves suffered, or who are in danger of suffering, legal harm can compel the courts to assume the difficult and delicate duty of passing upon the validity of the acts of a coordinate branch of government.' " *Tax Equity Alliance* v. *Commissioner of Revenue*, 423 Mass. 708, 715 (1996), quoting *Doe, supra* at 704.

A defendant may properly challenge a plaintiff's standing to raise a claim by bringing a motion to dismiss under Mass. R. Civ. P. 12 (b) (1) or (6), 365 Mass. 754 (1974). *Doe* v. *The Governor, supra* at 705. In reviewing a dismissal under rule 12 (b) (1) or (6), we accept the factual allegations in the plaintiffs' complaint, as well as any favorable inferences reasonably drawn from them, as true. See *Nader* v. *Citron*, 372 Mass. 96, 98 (1977).[6]

General Laws c. 175, § 206D (*f*) (1), provides in part: "Any person aggrieved by any act, determination, rule, regulation, or order or any other action of the commissioner pursuant to sections two hundred and six to two hundred and six D, inclusive, may appeal therefrom to the superior court department of the trial court for Suffolk county." "[T]o qualify as a 'person aggrieved,' a person must allege substantial injury as the direct result of the action complained of." *Harvard Law Sch. Coalition for Civ. Rights* v. *President & Fellows of Harvard College*, 413 Mass. 66, 69 (1992), quoting *Massachusetts Elec. Co.* v. *Massachusetts Comm'n Against Discrimination*, 375 Mass. 160, 177-178 (1978). See *Matter of Elec. Mut. Liab. Ins. Co. (No. 2)*, 426 Mass. 1007, 1007 (1998) (EMLICO).

---

[6]Because the question of subject matter jurisdiction goes to the power of the court to hear and decide the matter, we consider that question first under rule 12 (b) (1). Under rule 12 (b) (1), the judge may consider affidavits and other matters outside the face of the complaint that are used to support the movant's claim that the court lacks subject matter jurisdiction. See generally 5A C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1350 (1990). In considering subject matter jurisdiction, the judge appropriately considered matters outside the face of the complaint. We also treat these motions under rule 12 (b) (1).

Alleging "[i]njury alone is not enough; a plaintiff must allege a breach of duty owed to it by the public defendant." *Northbridge* v. *Natick*, 394 Mass. 70, 75 (1985). Injuries that are speculative, remote, and indirect are insufficient to confer standing. See *Burlington* v. *Bedford*, 417 Mass. 161, 164 (1994); *Massachusetts Auto Body Ass'n* v. *Commissioner of Ins.*, 409 Mass. 770, 780-781 (1991). "Not every person whose interests might conceivably be adversely affected is entitled to [judicial] review." *Group Ins. Comm'n* v. *Labor Relations Comm'n*, 381 Mass. 199, 204 (1980). See *American Can Co.* v. *Milk Control Bd.*, 313 Mass. 156, 160 (1943). Moreover, the complained of injury must be a direct consequence of the complained of action. *Boston Edison Co.* v. *Boston Redevelopment Auth.*, 374 Mass. 37, 44 (1977). See *Slama* v. *Attorney Gen.*, 384 Mass. 620, 624 (1981) ("To have standing in any capacity, a litigant must show that the challenged action has caused the litigant injury").

In addition, for the plaintiff to have standing, the injury alleged must fall "within the area of concern of the statute or regulatory scheme under which the injurious action has occurred." *Penal Insts. Comm'r for Suffolk County* v. *Commissioner of Correction*, 382 Mass. 527, 532 (1981), quoting *Massachusetts Ass'n of Indep. Ins. Agents & Brokers* v. *Commissioner of Ins.*, 373 Mass. 290, 293 (1977).

The plaintiffs have not alleged facts that place them within the area of concern of the statute. General Laws c. 175, § 206B, protects the Massachusetts insurance market and the policy holders of the acquired insurance company. See § 206B (*d*) (1) (ii) (the commissioner to consider whether "the effect of the merger or other acquisition of control would be substantially to lessen competition in insurance *in this commonwealth* or tend to create a monopoly *therein*" [emphasis supplied]); § 206B (*d*) (1) (iii), (iv), (v), (vi) (the commissioner to consider whether the terms of the acquisition are "unfair, and unreasonable to policyholders of the [domestic] insurer"). According to the plaintiffs' complaint, Ginther is a New York citizen and a Provident policy holder. Niagara is a New York corporation. Neither plaintiff makes any allegation that they own a policy issued by Paul Revere (the acquired insurer) or otherwise participate in the Massachusetts insurance market.

The plaintiffs have also not alleged sufficient facts to show that they suffered a direct and certain injury from the commis-

sioner's order. See *EMLICO, supra* at 1007; *Harvard Law Sch. Coalition for Civ. Rights, supra* at 69. "Mere generalizations and fears are not sufficient to establish aggrievement." *Nader* v. *Aldermatt,* 166 Conn. 43, 59 (1974) (rejecting standing under Connecticut's cognate statute). The commissióner's decision does not require the plaintiffs to act, refrain from acting, or pay any money. See *Group Ins. Comm'n, supra* at 204. Nor have they demonstrated that the commissioner violated a duty owed to them. See *Northbridge, supra* at 75.

The plaintiffs argue, nonetheless, that because G. L. c. 175, § 206B, seeks to protect the public interest generally and to provide broad protection to the insurance-buying public, they have standing to vindicate the statute's purpose. We do not agree. Were we to adopt the plaintiffs' argument, it would permit almost any one to claim standing to appeal pursuant to G. L. c. 175, § 206B. One "zealous in the enforcement of law but without private interest" is not an aggrieved person. See *Godfrey* v. *Building Comm'r of Boston,* 263 Mass. 589, 590 (1928).

We also reject the plaintiffs' contention that, because the Legislature provided for broad participation in the administrative hearing, it intended to grant participants in the administrative hearing "party-like" status, entitling them to automatic standing to appeal. The language of the statute does not support the plaintiffs' contention. Section 206B (*d*) (2) provides that "any . . . person whose interest may be affected" by the commissioner's decision may be a participant in the hearing, with the right to take discovery and to present and question witnesses. The right to appeal from the commissioner's decision, however, is limited to "any person aggrieved." § 206D·(*f*) (1). Where the Legislature used different language in different paragraphs of the same statute, it intended different meanings. See *G.E.B.* v. *S.R.W.,* 422 Mass. 158, 170 (1996). Mere participation in the administrative process does not confer standing to raise a claim in the Superior Court. See *KES Brockton, Inc.* v. *Department of Pub. Utils.,* 416 Mass. 158, 165 n.8 (1993); *Boston Edison Co., supra* at 45-46; *Save the Bay, Inc.* v. *Department of Pub. Utils.,* 366 Mass 667, 673 (1975). Moreover, where the Legislature has intended to grant the right

to appeal to aggrieved *parties*, it has done so explicitly. See *Save the Bay, Inc., supra* at 673.[7]

Finally, the plaintiffs' conclusory assertion that they must be granted standing because otherwise no one but an insurer whose application had been denied by the commissioner would have standing is without merit. "[A]n unfounded assumption that, if the individual plaintiffs lack standing, no one will have standing to sue, is not a reason to find standing where none exists." *Tax Equity Alliance* v. *Commissioner of Revenue*, 423 Mass. 708, 716 (1996).

*Order dismissing the complaint affirmed.*

---

[7]Even where a statute grants an aggrieved *party* standing to appeal, "a party must meet the legal requirements necessary to confer standing." *Save the Bay, Inc.* v. *Department of Pub. Utils.*, 366 Mass. 667, 672 (1975).