Hamlin, Sandra L., J.
This case involves an appeal brought pursuant to G.L.c. 22C, §43 by Daniel Turco (Turco), a State Police Trooper and Executive Board Member of the State Police Association of Massachusetts (SPAM). Defendant Thomas Robbins (Robbins) has filed this motion to dismiss for lack of subject matter jurisdiction, arguing that Turco lacks standing to bring the appeal.[1] The relevant facts are as follows.

Background.

For the purposes of this motion to dismiss, the court accepts Turco’s allegations as true and draws all inferences in his favor. Blank v. Chelmsford OB/GYN, P.C., 420 Mass. 404, 407 (1995). On April 22, 2004, Detective Captain Saltzman (Saltzman), the President of the Hearing Board, heard State Police Trooper Thomas Barry’s (Barry) appeal of an employment review. Barry is not a party to this appeal. Turco, Barry’s union representative, wished to appear on Barry’s behalf at the hearing, but was prevented from doing so by Saltzman. Consequently, Turco filed an appeal pursuant to G.L.c. 22C, §43 with Robbins. At a hearing conducted on July 7, 2004, Turco argued that a union representative has a right to be present at a hearing relating to an employee’s permanent employment record. Robbins issued an order denying Turco’s appeal on August 12, 2004, noting that “neither the SPAM contract nor that EES Manual provides a member the right to have representation for an EES appeal.” Turco subsequently appealed Robbin’s decision to the Superior Court pursuant to G.L.c. 22C, §43, which provides, in relevant part, that “any person aggrieved by an order approved by the colonel may appeal to the superior court . . . within fifteen days from the date when such order is approved or made.” (Emphasis added.)

Discussion

Robbins contends that Turco lacks standing to bring this appeal, as he is not a “person aggrieved” within the meaning of the statute. Standing is an issue of subject matter jurisdiction and is a prerequisite to obtaining relief. Ginther v. Comm’r of Ins., 427 Mass. 319, 322 (1998). “In order to demonstrate standing, the plaintiff must allege a legally cognizable injury.” Doyle v. Dep’t of Indus. Accidents, 50 Mass.App.Ct. 42, 45 (2000). In addition, “not every person whose interests might conceivably be adversely affected is entitled to review ... in many, if not most, circumstances the injury complained of may be too remote to make the parly seeking review a parly aggrieved.” Group Ins. Comm’n v. Labor Rel. Comm’n, 381 Mass. 199, 204 (1980) (internal citations and quotations omitted); see also Ginther, 427 Mass, at 322-23.
Here, Turco’s injury is too remote and speculative to qualify as a legally cognizable injury. He stresses that the statute uses the word “any” to modify the phrase “person aggrieved,” but fails to articulate how he fits within even his own expansive interpretation of the statute. It is inconceivable that the Legislature intended that any person who feels even somewhat slighted or wronged by the colonel’s actions, regardless of how remote or speculative the injuries claimed are, should be able to challenge the colonel’s official actions in court.
Neither the SPAM contract nor the EES manual entitle employees to have their union representatives present at employment reviews, and even if they did, Turco would be unable to show that he was injured by another employee’s lack of representation at an administrative hearing. Turco is simply not the appropriate person to bring an action of this nature because he was not aggrieved by the colonel’s actions in any substantial way. “Injuries that are speculative, remote, and indirect are insufficient to confer standing.” Ginther, 427 Mass. at 323. Turco is unable to demonstrate anything more than a remote, indirect injury, and therefore lacks standing to bring this appeal.

*576
ORDER

For the foregoing reasons, the Defendant’s Motion to Dismiss is ALLOWED.

 The defendant is not pursuing the argument that the appeal is time-barred.