Quinlan, Regina L., J.
Patricia Markoff (“Markoff j brings this action against Anne Hayward (“Hayward”) and Sun 1031, LLC (“Sun”), to recover damages arising from a trust investment. Markoff proceeds under theories of intentional misrepresentation (Count I), negligent misrepresentation (Count II), and violation of G.L.c. 93A (Count III). Hayward has moved to dismiss Markoff s action, contending that Markoff lacks standing, has failed to join an indispensable party, has failed to bring Counts I and II within the statute of limitations, and has failed to state a claim for which relief can be granted under Counts I-III.[2] For the following reasons, Hayward’s Motion to Dismiss is ALLOWED.
BACKGROUND
The following facts are taken as true from the Complaint. Markoff is the beneficiary of the JPM and MPM Trust (“the Trust”). Joseph Meldon, Jr. (“Meldon”) is the trustee responsible for administering the Trust. In fall 2005, Meldon sought information about investments for the trust assets. Anne Hayward (“Hayward”), an employee of the Atlantic Exchange Company, marketed to Meldon tenants in common (“Tic”) rea] estate interests owned by Sun as part of a §1031 like-kind exchange.[3]
Hayward also spoke to Markoff about the §1031 exchanges on several occasions. In November 2005, Hayward told Markoff that she was an attorney with particular expertise and experience in TIC investments. Hayward made the following representations: (1) “(t]hat the trust needed to decide to purchase a TIC investment quickly because such interests were typically not available for very long,” (2) “(t]hat Sun was a reputable company,” (3) “[t]hat the Trust would need to hold a Sun investment for only a year and a half, after which Sun or other Sun investors would buy the Trust’s Sun investment,” (4) “[t]hat specific Sun property known as ‘Rogers Bridge’ was a sound investment and would give the Trust a better than 7% annual return on its investment,” and (5) “(t]hat Hayward would obtain a commission from the Trust’s purchase of a Sun investment.”
Markoff, in turn, informed Hayward that the Trust sought to purchase property that could quickly be resold. Hayward assured Markoff that the tenants in common interests could be liquidated rapidly. Markoff therefore authorized Meldon to purchase an interest in the Village at Rogers Bridge.
In November 2005, Meldon purchased a $300,000 interest in the Village at Rogers Bridge and created an entity entitled FM & MPMT Rogers Bridge LLC to hold title on behalf of the Trust. The Trust received payments from the Village at Rogers Bridge for approximately two years following the purchase.
In November 2006, Meldon attempted to sell the Trust’s interest to other investors and Sun. Around that same time, Hayward notified Markoff that the Trust’s interest had no secondary market and that investors did not typically sell their interest in Sun investments. In late 2006 or early 2007, Sun agreed to purchase a third of the Trust’s investment for $100,000. Hayward suggested that she could set up a sale to liquidate the remaining portion of the Trust’s assets by the end of2007, but the sale never occurred. In 2008, the Village at Rogers Bridge stopped making payments to the Trust.
DISCUSSION
A motion for lack of subject matter jurisdiction can be raised at any stage of the litigation. Mass.R.Civ.P. 12(h)(3). “A defendant may properly challenge a plaintiffs standing to raise a claim by bringing a motion to dismiss under Mass.R.Civ.P. 12(b)(1) or (6).” Ginther v. Commissioner of Ins., 427 Mass. 319, 322 (1998) (citations omitted). “A motion under Mass.R.Civ.P. 12(b)(1) . . . that is unsupported by affidavits presents a facial attack based solely on the allegations of the complaint, taken as true for purposes of resolving the complaint.” Callahan v. First Congregational Church of Haverhill, 441 Mass. 699, 709-10 (2004), quoting Hiles v. Episcopal Diocese of Mass., 437 Mass. 505, 516 n.13 (2002). Here, the defendants have not supported their Rule 12(b)(1) motion with affidavits and their challenge is therefore confined to the allegations of the Complaint.
Hayward contends that any claim for damages belongs to the Trust, rather than to Markoff individu *158 ally, and that Markoff lacks standing to bring this action. Without providing any legal authority, Markoff argues that she has the right to bring legal action because Hayward made representations to her directly. The court finds no merit to this argument.
Massachusetts follows the Restatement (Second) of Trusts §§280-282 with respect to the rights of trust beneficiaries to bring actions at law or in equity. O'Connor v. Redstone, 452 Mass. 537, 540 n.26 (2008). As a general rule, the trustee has the right to bring suits for wrongs against the trust. See Restatement (Second) of Trusts §280 (“The trustee can maintain such actions at law or suits in equity or other proceedings against a third person as he could maintain if he held the trust property free of trust”); see also G.G. Bogert, Trusts & Trustees §869 (2d. ed. rev. 1995) (“Although the beneficiary is adversely affected by such [wrongful] acts of a third person, no cause of action inures in him on that account. The right to sue in the ordinary case vests in the trustee as a representative.”).
Beneficiaries, however, may in limited circumstances bring an action at law. See Restatement (Second) of Trusts §281(2) (“If the beneficiary is in possession of the subject matter of the trust, he can maintain such actions against the third person as a person in possession is entitled to maintain”). Comment b to Section 281 states that the limitation on a beneficiary’s right to bring suit applies to tort claims against third parties. Courts have also recognized a beneficiary’s right to sue where “the trustee cannot or will not enforce a cause of action running to him for the benefit of the beneficiary.” See G.G. Bogert, Trusts & Trustees §869 (reasoning that in such circumstances, the court permits a beneficiary to bring an action in equity to enforce the cause of action, naming the third party and the trustee as defendants).
The Complaint fails to establish the existence of any special circumstance which would confer upon Mar-koff the right to bring a suit in law as a beneficiary of the Trust. Markoff cannot claim possession of the Village at Rogers Bridge where the Complaint clearly establishes that the Trust held this investment for her benefit. Further, Markoff makes no allegation that Meldon refused, or otherwise could not maintain, an action for enforcement of the three tort claims against Hayward and Sun. Accordingly, the general rule under the Restatement (Second) of Trusts §281(1) applies, and dictates that only Meldon, as trustee, had the right to enforce an action at law against the named third parties. Markoff consequently had no standing to bring this action, and the court must dismiss her claims.
ORDER
For the foregoing reasons, Hayward’s Motion to Dismiss is ALLOWED, and Markoffs claims against Sun are also DISMISSED.

Because the court finds that Markoff lacks standing to bring an action of law against Hayward and Sun, it does not discuss Hayward’s remaining grounds for dismissal.

Hayward’s employer regularly assisted individuals and entities with §1031 exchanges, real estate purchases that defer the payment of capital gains taxes where a taxpayer sells and purchases a property within a certain time period.