The plaintiff, Robert Cremone, appeals from the dismissal of his complaint against the defendant, David Libassi, alleging, inter alia, legal malpractice. We affirm.
Background. Libassi represented Cremone in three actions: a 2008 lawsuit arising from his rental of a boat slip at a marina (marina action), a 2008 lawsuit arising from a dispute over a family trust (trust action), and a 2011 lawsuit stemming from his alleged failure to pay child support (divorce action). On April 25, 2016, Cremone filed a pro se complaint against Libassi. In response, Libassi filed a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), alleging that all three counts of the complaint were barred by the statute of limitations. A judge of the Superior Court allowed the motion and a final judgment entered on November 15, 2017. This appeal followed.
Discussion. "We review the allowance of a motion to dismiss de novo," Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011), accepting as true "the factual allegations in the plaintiffs' complaint, as well as any favorable inferences reasonably drawn from them." Ginther v. Commissioner of Ins., 427 Mass. 319, 322 (1998).
1. The marina action. A judge of the Superior Court dismissed the marina action for failure to arbitrate. Libassi appealed this decision, and we affirmed the dismissal in an unpublished decision. See Cremone v. Development & Mtg. Group Chelsea II, LLC, 82 Mass. App. Ct. 1124 (2012). "Actions of contract or tort for malpractice, error or mistake against attorneys, ... shall be commenced only within three years next after the cause of action accrues." G. L. c. 260, § 4, as amended through St. 1981, c. 765. A cause of action for attorney malpractice begins to accrue no later than when the client "knows or reasonably should know that he ... sustained appreciable harm as a result of the lawyer's conduct." Lyons v. Nutt, 436 Mass. 244, 247 (2002), quoting from Williams v. Ely, 423 Mass. 467, 473 (1996). Any claim against Libassi arising out of this litigation would have accrued no later than December 3, 2012. Whether or not the plaintiff could still have arbitrated the dispute at that point is beside the point. By that time, the plaintiff was aware of appreciable harm, and "it is not necessary that the plaintiff client know the full extent of harm or loss or know precisely in what manner and what harmful after-effects flow from the alleged malpractice." Franskton v. Denniston, 74 Mass. App. Ct. 366, 374 (2009). Accordingly, this count is time-barred and was properly dismissed.
2. The divorce action. On July 18, 2011, Cremone signed a stipulation that became a judgment of the Probate and Family Court regarding child support arrears. He alleges that Libassi knew or should have known that he did not owe any child support. Even if true, this cause of action accrued when Cremone signed the stipulation, nearly five years before he filed this complaint. Moreover, Cremone acknowledged that this count was "beyond the statute of limitations" in his response to Libassi's motion to dismiss. This count was properly dismissed.
3. The trust action. On April 2, 2013, Libassi filed a motion to withdraw from representing the plaintiff in a trust action and a notice of attorney's lien. Cremone filed a response objecting to the lien on April 16, 2013. Libassi claims that as a result, this cause of action accrued on April 2, 2013. We disagree. No action was taken on the motion until February 28, 2014, when a judge of the Superior Court allowed the motion with Cremone's "assent and decision to proceed pro se." Accordingly, this action is not time-barred; however, that does not end the analysis.[2] To establish a prima facie case for legal malpractice, the plaintiff must establish that there was an attorney-client relationship, that the attorney breached the standard of legal care owed to the plaintiff, that the plaintiff suffered a loss as a result, and that the breach of the standard of care was the proximate cause of the plaintiff's loss. See Colucci v. Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C., 25 Mass. App. Ct. 107, 111 (1987). There is no question that there was an attorney-client relationship between Cremone and Libassi. Passing over the question whether Libassi breached the standard of legal care, Cremone's complaint fails to set forth the requisite loss. Indeed, his complaint simply alleges that he was harmed because he had to represent himself and argue against three experienced attorneys. Notably, the docket reflects that Cremone assented to Libassi's motion to withdraw and agreed to represent himself. In addition, eleven months passed between the allowance of Libassi's motion and the start of the trial, more than sufficient time for Cremone to retain successor counsel. "While a complaint attacked by a ... motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than ... enough to raise a right to relief above the speculative level ... [based] on the assumption that all the allegations in the complaint are true." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting from Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-1965 (2007). As Cremone failed to allege actual harm, this claim was properly dismissed.[3]
Judgment affirmed.

An appellate court may affirm the judgment on grounds different from those advanced by the trial judge. See Hawthorne's, Inc. v. Warrenton Realty, Inc., 414 Mass. 200, 210 n.6 (1993).

Cremone's claim is not saved from dismissal by the averment in his complaint that "had Attorney LiBassi advanced his case properly, the [p]laintiff would have achieved a better outcome." Iannacchino, supra (conclusory and speculative allegations insufficient to state a viable claim for relief).