SUPERIOR COURT 
 
 MATTHEW GUTWILL,[1] PLAINTIFF, vs. INLAND RESIDENTIAL REAL ESTATE SERVICES, LLC, D/B/A CIRRUS APARTMENTS, DEFENDANT

 
 Docket:
 2281CV01712
 
 
 Dates:
 February 17, 2023
 
 
 Present:
 David A. Deakin Associate Justice
 
 
 County:
 MIDDLESEX, ss.
 

 
 Keywords:
 MEMORANDUM AND ORDER ON DEFENDANT’S MOTION TO DISMISS PLAINTIFF’S CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(1) AND (6)

 
 

             The plaintiff, Matthew Gutwill, brought this civil action alleging that, when he applied to rent an apartment in the Cirrus Apartment complex in Ashland, the defendant charged him a five-hundred-dollar application fee. Gutwill alleges that the fee, which the defendant Inland Residential Real Estate Services, LLC (“Inland Residential”) characterizes as a security deposit, violated G. L. c. 186, § 15B (“the security deposit statute”). Inland Residential filed a Motion to Dismiss Plaintiff’s Class Action Complaint Pursuant to Rule 12(b)(1) and (6) (“Motion” or “Motion to Dismiss,” Paper No. 6). The Motion to Dismiss alleges that, because Inland Residential has offered Gutwill – and three other putative class members identified by Inland Residential – a settlement including everything that they could hope to recover under G. L. c. 186, § 15B, and/or G. L. c. 93A, Gutwill lacks standing to maintain this action, either
 
-------------------------------------
 
            [1] Individually and on behalf of all others similarly situated
 
                                                            -1-
 
individually or as the representative of a class of similarly situated plaintiffs. Because I am unpersuaded that the holdings in Castenholz v. Caira, 21 Mass. App. Ct. 758 (1986) and its progeny – including Henry v. Bozzuto Mgmt. Co., 98 Mass. App. Ct. 690, 699 (2020) – compel the conclusion that Gutwill lacks standing to bring this class action lawsuit, as Inland Residential maintains, the Motion to Dismiss is DENIED.
BACKGROUND[2]
            The facts alleged in this case – and apparently not in dispute, at least at  this stage – are fairly simple. In November 2021, Gutwill applied to the Cirrus Apartment Complex (“Cirrus”) in Ashland to rent a two-bedroom apartment there. Inland Residential owned Cirrus. Cirrus required Gutwill to pay $500 when he submitted his rental application.[3] The fee was non-refundable and was required before Cirrus would process the application. Gutwill paid the $500 but ultimately decided against renting the apartment.
            On January 24, 2022, Gutwill emailed Cirrus to request a refund. Def. Mem., Ex. B.[4] The following day, Megan Marison, Cirrus’s property manager, emailed Gutwill to notify him that Cirrus would be mailing him a refund check and asked him to confirm
 
-------------------------------------
 
[2] Unless otherwise indicated, the facts in this section are taken from the Class Action Complaint (“Complaint,” Paper No. 1). Both parties have attached materials to their pleadings on the Motion to Dismiss. A judge deciding a motion to dismiss under Mass. R. Civ. P. 12(b)(1) for lack of standing “may consider documents, affidavits[,] and other materials outside the pleadings.” Wooten v. Crayton, 66 Mass. App. Ct. 187, 190 n.6 (2006), citing Callahan v. First Congregational Church of Haverhill, 441 Mass. 699, 710-711 (2004). Additionally, neither party has objected to my considering materials outside the Complaint.
 
[3] Gutwill characterizes this fee as an “application fee,” and Inland Residential refers to it as a “security deposit.” There appears to be no dispute that, had Gutwill decided to rent the apartment in question, the $500.00 payment would have been credited as his security deposit or, perhaps, a portion of it.
 
[4]  References to exhibits appended to the Defendant’s Memorandum of Law in Support of Motion to Dismiss Plaintiff’s Class Action Complaint Pursuant to Rule 12(b)(1) and (6)  (“Defendant’s  Memorandum,”  Paper  No.  6.1),  are  denoted  by  the  abbreviation, “Def. Mem., Ex.,” followed by the letter designating the exhibit.
 
                                                            -2-
 
his mailing address. Id. The next day, January 26, 2022, Gutwill’s attorney, James W. Simpson, mailed Morison and Keith Lampi, the manager of Inland Residential a G. L. c. 93A demand letter. Def. Mem., Ex. C. The letter sought the return of Gutwill’s $500, along with treble damages, attorney’s fees, and costs, under G. L. c. 93A. Id. It also sought the same relief for the members of a putative class of similarly situated individuals. Id.
            On March 1, 2022, Cirrus responded by letter to Gutwill’s demand letter. In its response, Cirrus offered to pay Gutwill – as well as three other individuals that Cirrus identified as having paid a similar fee at the time that they applied to rent an apartment that they ultimately chose not to rent – $1,500 (three times the initial payment), at twelve percent annual interest. Def. Mem., Ex. D. Cirrus also offered to pay Simpson’s firm $750.00 in attorney’s fees. Id. Finally, Cirrus agreed to negotiate a greater amount of attorney’s fees, conditioned on a review of Simpson’s billing in connection with his representation of Gutwill and the putative class. Id.
            Gutwill filed this lawsuit on March 21, 2022, seeking damages for alleged violations of the security deposit statute, G. L. c. 186, § 15B, and G. L. c. 93A. On September 30, 2022, Inland Residential filed its Motion to Dismiss. Accompanying the Motion to Dismiss, pursuant to Superior Court Rule 9A, were Plaintiff, Matthew Gutwill’s Memorandum in Opposition to the Defendant’s Motion to Dismiss (Paper No. 6.2) and Defendant’s Reply in Further Support of Motion to Dismiss Plaintiff’s Class Action Complaint Pursuant to Rule 12(b)(1) and (6) (Paper No. 6.3). I convened a hearing on the Motion on January 5, 2022, and took it under advisement then.
ANALYSIS
            To withstand a motion to dismiss pursuant to Mass. R. Civ. P. 12(b)(6), a complaint must set out “factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief . . . .” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To meet this burden,  a plaintiff may not assert “legal conclusions cast in the form of factual allegations.” Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000). A  plaintiff must allege facts sufficient
 
                                                            -3-
 
“to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact)         ” Iannacchino, 451 Mass. at 636 (ellipses and parentheses in original), quoting Twombly, 550 U.S. at 555. In ruling on a motion to dismiss under Rule 12(b)(6), the court “take[s] as true ‘the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiff’s favor        ’” Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 (2004) (ellipses in original; citation omitted).
            A court presented with a motion to dismiss for lack of subject matter jurisdiction, pursuant to Mass. R. Civ. P. 12(b)(1) applies the same standard. See Bevilacqua v. Rodriguez, 460 Mass. 762, 764 (2011), citing Ginther v. Commissioner of Ins., 427 Mass. 319, 322 (1998). The plaintiff bears the burden of establishing the existence of subject matter jurisdiction. See Wooten v. Crayton 66 Mass. App. Ct. 187, 190 n.6 (2006) (“[P]laintiff bears the burden of proving jurisdictional facts to support each of the plaintiff’s claims.”), citing Callahan v. First Congregational Church of Haverhill, 441 Mass. 669, 710- 711 (2004).
I. Standing
            Inland Residential’s primary argument for dismissal is that, because it offered Gutwill – and the three other putative class members that it identified in its review of its records – everything that they could recover in a lawsuit before he filed it, he lacks standing to pursue his claims. Gutwill responds that, because Inland Residential’s tender of a settlement offer does not include an admission of wrongdoing and because, in any event, the tender does not extinguish his class claims, he has standing to pursue the action. Because I am persuaded by the latter argument, I agree that Gutwill has standing – both individually and as class representative – to pursue this action.[5]
 
-------------------------------------
 
[5] In light of my decision, I need not address Gutwill’s claim that, because Inland Residential’s settlement offer does not include an acknowledgment of wrongdoing, it does not extinguish his right to recover under the security deposit statute.
 
                                                            -4-
 
            A. Guptill’s Individual Standing to Bring Claims Under the Security Deposit Statute
            Standing is an issue of subject matter jurisdiction. See Sullivan v. Chief Justice for Admin. & Mgmt. of Trial Court, 448 Mass. 15, 21 (2006). It is, therefore, jurisdictional. See Pugsley v. Police Dep’t of Boston, 472 Mass. 367, 371 (2015), citing Sullivan, 448 Mass. at 21. To establish standing in a case, “the plaintiff must ‘show that the challenged action has caused [the plaintiff] injury.’” Id., citing Sullivan, 448 Mass. at 21.
            Inland Residential understandably does not contend that Gutwill and the three putative class members that it identified were not harmed by its actions in failing to return the payments that the four individuals made in connection with their applications. Any such contention would be most tenuous in light of Inland Residential’s tender of settlement offers. Rather, Inland Residential’s claim is that its tender of settlement offers deprives Gutwill of standing because he cannot hope to recover any more than what Inland Residential already has offered and, in that sense, can no longer claim to have been harmed by Inland Residential’s actions.
            Inland Residential cites several cases to support its position on this point. In particular, Inland Residential relies on Henry v. Bozzuto Mgt. Co., 98 Mass. App. Ct. 690, 700-701 (2020), for the proposition that, because “[t]he defendant has tendered the maximum recovery to which [Gutwill] . . . could have been entitled[,] . . . there remains nothing to litigate with respect to [Gutwill’s] . . . claim[] under [G. L. c. 186] § 15B.” Inland Residential’s argument fails, however, because, in Henry, the Appeals Court’s holding rested on the plaintiffs’ failure, in that case, in “their attempt to certify a class.” Id. at 700. As a result, in Henry, the plaintiffs “retain[ed] an interest only in their individual claims.” Id. (emphasis supplied). This is not the case, however, in situations in which a “plaintiff’s class claims had not been foreclosed.” Id. at 699. In cases in which viable class claims persist, “the suit of a plaintiff who rejects a defendant’s tender offer is not rendered moot . . . .” Id., citing Gammella v. P.F. Chang’s China Bistro, Inc., 482 Mass. 1, 19 (2019). Because Gutwill retains an interest in his class claims, see Section I, C, infra, the rule in Henry does not preclude his individual claim.
 
                                                            -5-
 
            B. Gutwill’s Standing to Bring an Individual Claim Under G. L. c. 93A
            Even if Gutwill did not retain an interest in his class claims, he would have standing to raise his individual claim under G. L. c. 93A. In Henry, the Appeals Court rejected the very argument that Inland Residential presents here. As Henry Court explained in rejecting the defendant’s motion for summary judgment on the plaintiffs’
c. 93A claims:
[W]e conclude that the defendant’s retention of the Henrys’ security deposit for more than thirty days after the termination of the Henrys’ tenancy, given the defendant’s failure to comply with § 15B(4)(iii), resulted in an injury for the purposes of G. L. c. 93A. The defendant’s failure to comply with § 15B resulted in the Henrys’ being unjustifiably deprived of the use of the money that belonged, under the statute, to them. Indeed, the defendant’s inclusion of interest in its settlement offer suggests that the defendant recognized as much. In the face of this showing, the defendant was not entitled to summary judgment on the Henrys’ G. L. c. 93A claims.
98 Mass. App. Ct. at 702 (internal citation and footnote omitted). The same reasoning applies in this case and defeats Inland Residential’s claim that Gutwill lacks standing to bring his claim under G. L. c. 93A, § 9.
            C. Gutwill’s Standing to Raise Class Claims
            Inland Residential’s argument that Gutwill lacks standing to bring class claims is based entirely on its claim that he lacks standing to bring his individual claim. For the reasons set out in Sections I (A) and (B), supra, this argument fails. Additionally, the argument – taken in the context of Inland Residential’s argument with respect to Gutwill’s standing to bring his individual claims – is suspect in its structure. Were Inland Residential’s argument to prevail, then a defendant alleged to have violated the security deposit statute – or, indeed, any other similar consumer protection statute – could simply settle individual claims as they arose and ensure that the defendant would never face a class action lawsuit.
            To establish a right to class certification under Mass. R. Civ. P. 23, a plaintiff must demonstrate “that (1) the class is sufficiently numerous to make joinder of all parties impracticable, (2) there are common questions of law and fact, (3) the claim of the
 
                                                            -6-
 
named plaintiff representative is typical of the claims of the class, and (4) the named plaintiff will fairly and adequately represent the interests of the class.” Weld v. Glaxo Wellcome Inc., 434 Mass. 81, 86 (2001), citing Mass. R. Civ. P. 23. A plaintiff must also “show that common questions of law and fact predominate over individualized questions, and that the class action is superior to other available methods for fair and efficient adjudication of the controversy.” Id. (citations omitted). A judge enjoys “’broad discretion’ whether to grant or deny class status        ” Gammella, 482 Mass. at 1,  quoting Salvas v. Wal-Mart Stores, Inc., 452 Mass. 337, 361 (2008) “The right to a class action in a consumer protection case is of particular importance where, as here, aggregation of small claims is likely the only realistic option for pursuing a claim.” Feeney v. Dell, Inc., 454 Mass. 192, 202 (2009), abrogated on other grounds by Machado v. System4 LLC, 465 Mass. 508, 510 (2013) (Massachusetts policy in favor of class proceedings in consumer protection cases “may no longer serve, in and of itself, as grounds to invalidate a class waiver in an arbitration agreement.”).
            In challenging Gutwill’s standing to maintain class claims, Inland Residential does not challenge Gutwill’s ability to establish the prerequisites for a class action. Such a challenge would be untimely at this early stage in the litigation. Cf. Gammella, 482 Mass. at 11 (“Indicia of an abuse of discretion [in denying class certification] include errors of law . . . such as when a judge . . . denies class status by imposing, at the certification stage, the burden of proof that will be required of the plaintiffs at trial.”) (alteration omitted) (ellipses in original), quoting Salvas, 452 Mass. at 361. Rather, the heart of Inland Residential’s challenge is that, because Gutwill purportedly lacks standing to bring his individual claims, he is not a proper class representative. This argument fails for the reasons set out in Section I (A) and (B), supra.
D. Inland Residential’s Argument, Under Rule 12(b)(6), that Gutwill’s Complaint Fails to State a Cause of Action
            Inland Residential’s argument that Gutwill’s lawsuit fails to state a claim upon which recovery can be based addresses only his claims under G. L. c. 93A. Distilled to its essence, Inland Residential’s claim is that a per se violation of the security deposit
 
                                                            -7-
 
statute is insufficient, as a matter of law, to make out a violation of G. L. c. 93A. There are at least two fundamental flaws in this argument. First, it is precluded by the holding in Henry, 98 Mass. App. Ct. at 701 (“We accept, as the Henrys argued in the Housing Court, and as they contend on appeal, that the defendant’s failure to comply with G. L. c. 186, § 15B (4) (iii), was an unfair and deceptive practice for the purposes of c. 93A, and thus  a violation of G. L. c. 93A, § 2.”) (citations and footnote omitted). Second, it is based on Inland Residential’s position that Gutwill’s Complaint alleges mere negligence, which is an unjustifiably cramped reading of that document.
            Read in the light most favorable to Gutwill – as it must be at this stage of the litigation, see Marram, 442 Mass. at 45 -- the Complaint alleges that Inland Residential regularly charges a five-hundred-dollar application fee that is impermissible under G. L. c. 186, § 15B (1)(b). If, indeed, Inland Residential regularly charges such a fee, it is relatively unlikely that it is the product of mere negligence. Further, that Inland Residential itself identified three other instances in which applicants were charged such a fee suggests that it is part of a regular, deliberate practice and not, as Inland Residential presents it, the product of negligence. Inland Residential’s argument that mere negligence cannot be the basis of a c. 93A claim, though correct in other contexts, is inapplicable to this case.
CONCLUSION AND ORDER
            At the core of its Motion is Inland Residential’s reliance on the observation in Castenholz that “Section 15B . . . is not a minefield of potential multiple penalties for a landlord who makes an innocent mistake.” 21 Mass. App. Ct. at 762. Although this observation is certainly true, as far as it goes, the heart of Gutwill’s lawsuit is that Inland Residential’s charging of an application fee to Gutwill – and at least three others – is not an “innocent mistake,” but, rather, an ongoing practice that violates G. L. c. 186, § 15(1)(b). At this early stage, Inland Residential has not met its burden of demonstrating that Gutwill is not entitled to discovery to resolve this dispute.
 
                                                            -8-
 
Inland Residential’s Motion to Dismiss is, therefore, DENIED.
 
/s/David A. Deakin Associate Justice
 
February 17, 2023
 
                                                            -9-
 
xxz