NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1092

MALCOLM PAGE & another[1]

vs.

DEPARTMENT OF ENVIRONMENTAL PROTECTION & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Malcolm Page and Jill Strickler-Page, appeal from a judgment entered by a Superior Court judge that dismissed their complaint seeking judicial review of a final decision of the Department of Environmental Protection (DEP) that affirmed the issuance of a draft simplified waterways license[3] (draft license) to the plaintiffs' then-neighbor, James

---

[1] Jill Strickler-Page.

[2] Scot Bateman and Ann Salerno.  The complaint named James Valis as a defendant.  During the pendency of this appeal, Valis sold his property to Bateman and Salerno, and we allowed a motion to substitute them for Valis as defendants.

[3] The DEP has the authority to issue the license under G. L. c. 91 and the waterways regulations, 310 Code Mass. Regs. §§ 9.00 (2020).

Valis.  The plaintiffs claim that the judge erred in dismissing their complaint because they have standing to challenge the agency's decision as "persons aggrieved."  They also argue that the judge erroneously declined to address the merits of their arguments.  We affirm.

Background.  This case, at its core, is a dispute between neighbors about plans to build a dock on Lake Maspenock in Hopkinton.[4]  In December 2020, Valis applied to the DEP for a draft license to construct a boat dock and boat lift (proposed project) on his property, one foot away from the property line shared with the neighboring property owned by the plaintiffs.  The plaintiffs opposed the application with written comment, arguing, in effect, that failure to build the proposed project at least twenty-five feet from their property line violated the DEP's regulations.[5]  Nonetheless, the DEP tentatively approved

_____

[4] Lake Maspenock is a "great pond" subject to regulation and licensure by the DEP.  G. L. c. 91, § 35.  See G. L. c. 91, §§ 17-18.

[5] Specifically, 310 Code Mass. Regs. § 9.36(2) (2014), which provides,

"[a] project shall not significantly interfere with littoral or riparian property owners' right to approach their property from a waterway, and to approach the waterway from said property, as provided in M.G.L. c. 91, § 17.  In evaluating whether such interference is caused by a proposed structure, the Department may consider the proximity of the structure to abutting littoral or riparian property and the density of existing structures.  In the

2

the application in May 2021, and issued a draft license.  A copy

of the approval letter was sent to the plaintiffs; the letter

included instructions for how to appeal the decision under 310

Code Mass. Regs. § 9.17 (2014).  For someone "claiming to be a

person aggrieved"[6] by the issuance of the draft license, the

instructions provided that pursuant to 310 Code Mass. Regs.

§ 9.17(3)(b), "any Notice of Claim requesting an adjudicatory

hearing <u>must include</u> . . . the specific facts that demonstrate

that the party satisfies the definition of 'aggrieved person'

found in 310 CMR 9.02."[7]

The plaintiffs appealed, claiming,

"We satisfy the definition of an 'aggrieved person' as an
abutter to the proposed project . . . .  As an abutter we
may suffer injury which is different both in kind and
magnitude from that suffered by the general public. . . .
Any boat docked on [the] side of the [proposed boat] lift

---

case of a proposed structure which extends perpendicular to
the shore, the Department shall require its placement at
least 25 feet away from such abutting property lines, where
feasible."  (Emphasis added.)

[6] See 310 Code Mass. Regs. § 9.17(1)(b) ("any person
aggrieved by the decision of the Department to grant a license
or permit who has submitted written comments within the public
comment period" has right to adjudicatory hearing).

[7] Title 310 Code Mass. Regs. § 9.02 (2017) provides,

"<u>Aggrieved Person</u> means any person who, because of a
decision by the Department to grant a license or permit,
may suffer an injury in fact, which is different either in
kind or magnitude, from that suffered by the general public
and which is within the scope of the public interests
protected by M.G.L. c. 91 and c. 21A."

3

would block our access to and from the lake at that location. If the dock/boat lift is allowed as currently shown on the Draft Waterways License we will be subjected to unnecessary nuisance noise and intrusion [sic] to the enjoyment of our property."

The DEP's Office of Appeals and Dispute Resolution (OADR) docketed the appeal. A scheduling order was issued to the parties in August 2021, notifying the plaintiffs that the presiding officer had discretion to recommend dismissal for lack of standing.[8] The order also "directed [the parties] to inform the Presiding Officer as soon as possible of any ground warranting dismissal . . . of this appeal."

In September 2021, the parties and the presiding officer established the issues for resolution in the appeal.[9] The presiding officer also set a schedule for the parties to submit sworn prefiled direct testimony (PFDT) with documentary evidence from themselves and witnesses. Valis and Page filed PFDT. Strickler-Page did not. Following a site visit, the DEP filed

---

[8] See 310 Code Mass. Regs. §§ 1.01(5)(a)(2), (5)(a)(15)(f) (2004).

[9] The issues were (1) "Whether it is feasible to place [Valis's] proposed boat dock and boat lift 12 feet away from the abutting property line," and (2) "If not, is it only feasible to place [Valis's] proposed boat dock and boat lift one foot away from the abutting property line?"

4

PFDT from its expert, Christine Hopps.[10]  She testified, and

Page's expert witness "agree[d]," that,

> "The portion of the [plaintiffs'] property closest to the shared property line is landscaped with dense vegetation as documented in multiple photos that were provided as Exhibits to [Page's] testimony and does not appear to facilitate access to the water.  <u>It was confirmed by the [plaintiffs] during the January 4, 2022 site visit that the area adjacent to the shared property line is not used for water access and that their dock is located on the other side of their property[,]</u> . . . <u>approximately 130 linear feet away from the shared property line.  There is nothing to indicate [Valis's] proposed structures would interfere with the [plaintiffs'] private access to littoral or riparian property</u>" (emphasis added).

Page, however, testified in rebuttal that "[t]here would be potential future impact to [his] rights.  If the boat lift is 1 foot from the property line the future possible use of [his] shoreline in that area will be limited."[11]

---

[10] Christine Hopps was the assistant director of the DEP's waterways regulation program.

[11] He also testified that

"the portion of [his] property closest to the shared property line is in the process of being landscaped.  The process, about half completed, . . . will be completed in the spring of 2022.  Placement of [Valis's] boat lift one foot from the shared property line will forever limit the functional use of that portion of [his] property for ingress and egress to the lake."

The DEP moved to dismiss the appeal under 310 Code Mass. Regs. § 1.01(11)(e) (2004),[12] for failure to state a claim.[13] The plaintiffs responded, arguing that they "asserted and provided evidence that demonstrates sufficient facts to establish standing." The presiding officer issued a show cause order directing the plaintiffs to demonstrate their standing to challenge the draft license. In response, the plaintiffs again argued that they presented "credible evidence" to substantiate their allegations that the proposed project would harm their "future use of littoral or riparian property."

The presiding officer's recommended final decision was issued in July 2022; he recommended summary dismissal of the plaintiffs' appeal pursuant to 310 Code Mass. Regs.

---

[12] Title 310 Code Mass. Regs. § 1.01(11)(e) provides,

"Upon the petitioner's submission of prefiled testimony, or at the close of its live direct testimony if not prefiled, any opposing party may move for the dismissal of any or all of the petitioner's claims, on the ground that upon the facts or the law the petitioner has failed to sustain its case; or the Presiding Officer may, on the Presiding Officer's own initiative, order the petitioner to show cause why such a dismissal of claims should not issue. Decision on the motion or order to show cause may be reserved until the close of all the evidence. The granting of a full dismissal of the petitioner's claims shall be subject to 310 CMR 1.01(14)." (Emphases added.)

[13] The DEP argued that the plaintiffs failed to demonstrate that the proposed project would significantly interfere with their littoral or riparian rights, as required by 310 Code Mass. Regs. § 9.36(2), see note 5, supra.

6

§ 1.01(11)(e), see note 12, supra.  He determined that the plaintiffs failed to demonstrate that they are "person[s] aggrieved" with standing to challenge the draft license because they produced no evidence that "construction of the proposed [project] on [Valis's] Property as authorized by the Draft License might or will significantly interfere with the[ir] littoral or riparian rights to access their Property from Lake Maspenock and access the Lake from their Property."[14]  The DEP's commissioner then issued a final decision adopting the presiding officer's recommendation, and the plaintiffs sought judicial review in the Superior Court pursuant to G. L. c. 30A, § 14.[15] On cross motions for judgment on the pleadings, the judge ruled in favor of DEP and Valis, concluding that the plaintiffs lacked standing to challenge the draft license and that substantial evidence supported the DEP's decision.  This appeal followed.

Discussion.  "We review the allowance of a motion for judgment on the pleadings de novo," Boston v. Conservation

_____

[14] The presiding officer recommended dismissal of the appeal as it pertained to Strickler-Page because she did not file PFDT and thus failed to produce any evidence demonstrating standing. He also recommended dismissal on the ground that the plaintiffs failed to demonstrate that the draft license violated 310 Code Mass. Regs. § 9.36(2).

[15] General Laws c. 30A, § 14, provides that "any person . . . aggrieved by a final decision of any agency in an adjudicatory proceeding, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof . . . ."

Comm'n of Quincy, 490 Mass. 342, 345 (2022), quoting Kraft Power Corp. v. Merrill, 464 Mass. 145, 147 (2013), and the underlying agency decision at issue "in accordance with the standards set forth in G. L. c. 30A, § 14 (7)." Commercial Wharf E. Condominium Ass'n v. Department of Envtl. Protection, 99 Mass. App. Ct. 834, 840 (2021).

We may reverse an agency's decision if "the substantial rights of any party may have been prejudiced" because the decision was "[i]n violation of constitutional provisions," "[i]n excess of the statutory authority or jurisdiction of the agency," "[b]ased upon an error of law," "[m]ade upon unlawful procedure," "[u]nsupported by substantial evidence," or "[a]rbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law." G. L. c. 30A, § 14 (7). This standard of review is "highly deferential to [the] agency," Ten Local Citizen Group v. New England Wind, LLC, 457 Mass. 222, 228 (2010), and requires the court to "give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it." G. L. c. 30A, § 14. "We ordinarily accord an agency's interpretation of its own regulation[s] considerable deference." Ten Local Citizen Group, supra, quoting Warcewicz v. Department of Envtl. Protection, 410 Mass. 548, 550 (1991). "The party challenging an agency's interpretation of its own

8

rules has a formidable burden of showing that the interpretation is not rational" (quotation omitted).  Ten Local Citizen Group, supra, quoting Northbridge v. Natick, 394 Mass. 70, 74 (1985).

The plaintiffs argue that the judge erroneously held that they lacked standing to challenge the draft license because they "demonstrate[d] the 'possibility' that they would be harmed" by the agency's decision.  We disagree.  "We treat standing as an issue of subject matter jurisdiction."  Ginther v. Commissioner of Ins., 427 Mass. 319, 322 (1998).  "Abutters do not receive special status for purposes of standing under the [waterways] regulations."  Higgins v. Department of Envtl. Protection, 64 Mass. App. Ct. 754, 757 (2005).  "[O]nly persons who have themselves suffered, or who are in danger of suffering, legal harm can compel the courts to assume the difficult and delicate duty of passing upon the validity of the acts of a coordinate branch of government" (citation omitted).  Ginther, supra. "Injuries that are speculative, remote, and indirect are insufficient to confer standing."  Sullivan v. Chief Justice for Admin. & Mgt. of the Trial Court, 448 Mass. 15, 21 (2006).

Here, the plaintiffs failed to show that they were aggrieved by the draft license.  Because the draft license did not limit their current use of their abutting property, the plaintiffs were not injured in a way that conferred standing. The possibility that they might, as they claimed, use the area

9

in the future was speculative, remote, and indirect.  See

Sullivan, 448 Mass. at 21.  In addition, the DEP's determination

that the proposed project did not "significantly interfere" with

the plaintiffs' rights because it did not "wholly cut [them]

off" from littoral or riparian access to their property was not

arbitrary or capricious, an abuse of discretion, or unsupported

by law.  See Henry v. Newburyport, 149 Mass. 582, 586 (1889),

quoting Davidson v. Boston & Me. R.R., 3 Cush. 91, 105-106

(1849) ("The adjoining proprietor, . . . to the extent of one

hundred rods, may build solid structures, and thus obstruct the

flow and reflow of the tide, without objection, provided he does

not wholly cut off his neighbor's access to his house or land;

and if the . . . conterminous proprietor suffers in consequence

it is [damage without injury]" [emphasis added]).  Because the

plaintiffs failed to demonstrate that they suffered an injury in

fact, see 310 Code Mass. Regs. § 9.02 (2017); note 7, supra,

they lacked standing to appeal the DEP's decision.[16]  See 310

Code Mass. Regs. § 9.17(1)(b); note 6, supra.

_____

[16] The plaintiffs argue that the DEP erroneously decided
that Strickler-Page failed to demonstrate standing because she
did not file PFDT.  We disagree.  It was not arbitrary or
capricious for the presiding officer to determine that, by
failing to file any testimony or evidence to support her
individualized claim of aggrievement, Strickler-Page failed to
sustain her case under 310 Code Mass. Regs. § 1.01(11)(e), see
note 12, supra.

The plaintiffs also argue that the DEP's decision was procedurally defective under 310 Code Mass. Regs. § 1.01(11)(e), see note 12, supra, because (1) standing was not an issue identified by the OADR for adjudication; (2) the DEP viewed the evidence in the light most favorable to Valis; and (3) the DEP entered the final decision without a hearing or live testimony. We disagree. First, "[t]he issue of standing may be raised at any time," Matter of the Receivership of Harvard Pilgrim Health Care, Inc., 434 Mass. 51, 56 (2001), and the DEP's instructions for how to appeal the decision, the scheduling order, and the show cause order put the plaintiffs on notice that standing was an issue for adjudication. Second, the presiding officer's recommended final decision viewed the plaintiffs' claims of potential harm as true yet deficient for standing. Finally, the DEP was not required to conduct a hearing with live testimony prior to entering summary dismissal. See 310 Code Mass. Regs. § 1.01(11)(e), see note 12, supra.

Given our conclusion that the plaintiffs lack standing, we need not address the merits of their challenge to the draft license.[17]  See Higgins, 64 Mass. App. Ct. at 756.[18]

Judgment affirmed.

By the Court (Blake, C.J., Henry & Hershfang, JJ.[19]),

Clerk

Entered:  November 26, 2025.

---

[17] The plaintiffs claim that (1) the DEP's approval of the project violated 310 Code Mass. Regs. § 9.36(2) because it was "feasible" for the project to be constructed in a different location on Valis's property, and (2) the OADR erred in its review of the DEP's decision by failing to consider "[r]elevant Army Corps of Engineers Guidelines."

[18] Bateman and Salerno's request for attorney's fees is denied.

[19] The panelists are listed in order of seniority.